137   363
142   351

TAYLOR *et al.* v. GRAND AVENUE RAILWAY COMPANY
*et al.*, Appellant.

### Division One, February 9, 1897.

1. **Negligence:** STREET RAILROADS: INSTRUCTIONS. Where, in an action for damages for personal injuries received by plaintiff while riding as a passenger on an electric car, which collided at a crossing with a cable car of another company, it appeared that the two defendant companies jointly employed a flagman and that it was his duty to direct the crossing of the cars on each line by signals, an instruction was erroneous which directed the jury that if the flagman signaled the cable forward it had the right to proceed though the electric car could be seen by the gripman and was then approaching the crossing.

2. ————: ————: ————. It was also error to instruct that there could be no recovery against the cable company if the motorman operating the electric car failed to exercise the care on his part required by law in approaching the crossing.

3. ————: ————. If the concurring negligence of the two companies was the proximate cause of the injury, both companies will be liable therefor.

*Appeal from Jackson Circuit Court.*—S. W. MOORE, ESQ., Special Judge.

AFFIRMED.

*Karnes, Holmes & Krauthoff* for appellant.

(1) The sixth instruction given at request of defendant is a proper declaration of the law applicable to this case. The breach of duty, upon which an action is brought, must be not only the cause but the proximate cause of the damage to plaintiff. 1 Shear. & Redf. Neg., sec. 26. "The fact that the company has been guilty of negligence, followed by an injury, does not make the company liable unless the injury was occasioned by that negligence. The connection of cause

and effect must be established." *Harlan v. Railroad*, 65 Mo. 22; *Stanley v. Railroad*, 114 Mo. 606. "And such negligence must be the proximate cause of the injury." *Stepp v. Railroad*, 85 Mo. 229; *Hicks v. Railroad*, 46 Mo. App. 304. A proximate cause is one "which in a natural and continuous sequence, unbroken by any new responsible cause," produces the result. *Stanley v. Railroad*, 114 Mo. 606. This (sixth) instruction simply says that if the proximate cause of plaintiff's injuries was the negligence of the Northeast company, the Grand Avenue company was not liable. (2) Mrs. Taylor, "being a party to the suit, is conclusively bound by every declaration and admission against her interest made while testifying before the court and jury." *Payne v. Railroad*, 30 S. W. Rep. 148; *State v. Brooks*, 99 Mo. 137. (3) It thus appearing from plaintiff's own testimony that the Grand Avenue company was not in fault, a verdict in favor of that company was right, and the question of instructions becomes immaterial. "If the judgment is for the right party upon the undisputed or admitted facts in the trial court, that court should not disturb the verdict and judgment thereon." *Homuth v. Railroad*, 129 Mo. 629. (4) The trial court did not err in the matter of giving instructions and the order sustaining the motion for a new trial should be reversed and the cause remanded with directions to enter judgment in accordance with the verdict.

*L. H. Waters* for respondents.

Robinson, J.—This is an action by Augusta Taylor and her husband for damages for injuries resulting to the wife while a passenger upon one of the cars of the Northeast Street Railway Company of Kansas City.

The defendants are the Grand Avenue Railway Company and the Northeast Railway Company, each

operating a street railway in Kansas City.   The Grand Avenue Company operates a cable, and the Northeast company an electric street railway, crossing each other at the intersection of Fifth and Walnut streets in said, city; the Grand Avenue Company at that point running north and south and the Northeast company running east and west.

The petition charges that the defendants "maintained at said crossing a watchman, whose duty it then and there was to signal the employees of the defendants in charge of the cars of the defendants as the said cars approached the said crossing of the said tracks at the intersection of said Walnut and Fifth streets, and thereby inform said employees when the cars under their control might or should cross over the said crossing, and thereby prevent the cars of the defendants from colliding at said crossing."

After alleging the manner of Mrs. Taylor's injuries and the nature and extent of her suffering, the petition states further:   "That said collision was the result of and was caused by the negligence of the said switchman, who then and there failed and neglected to give the respective employees in charge of the said cars, as they approached said crossing, such warning and signals as would have then and there enabled said employees, by the use of ordinary care and caution on their part, to have avoided said collision; and by the negligence of the employees of said defendants in charge of said cars which collided as aforesaid in running, managing, and conducting the said cars under their respective control in a negligent manner." Record, 2, 3.

The answer of the Northeast company was a general denial and a plea of contributory negligence on the part of Mrs. Taylor.   The Grand Avenue Company filed a general denial.

The plaintiff, Augusta Taylor, was a passenger on a west bound car of the defendant, the Northeast Railway Company, and was knocked to the floor of the car and injured by reason of the car in which she was riding colliding with and running against a north bound car running on the tracks of the Grand Avenue Company, at the intersection of Fifth and Walnut streets, where the two street car tracks cross each other.

The case was tried by a jury and resulted in a verdict in favor of the defendant, the Grand Avenue Company, and against the defendant, the Northeast Railway Company.

The plaintiffs and the Northeast Railway Company both filed motions for a new trial, and both motions were sustained with the following reason assigned therefor by the trial court:

"Plaintiff's motion sustained on account of error in instruction numbered 6, given at the request of the defendant, the Grand Avenue Company.  The motion of the Northeast Railway Company sustained on account of error in instruction number 1, given at the request of the defendant, the Grand Avenue Company."

From this order granting a new trial the defendant, the Grand Avenue Company, prosecutes this appeal.

The operator in charge of the car of each company testified that he was given a signal by the flagman, employed jointly by both companies at the junction where the defendant's tracks cross each other, to proceed on his way over the crossing with his car, while the flagman testified that he signaled alone the car of the Grand Avenue Company.  Under this state of the testimony the following instructions complained of by both plaintiff and the defendant, Northeast Railway Company, were given on behalf of the defendant, Grand Avenue Company.

"1. If the jury believe from the evidence that at the crossing of Fifth and Walnut streets a flagman was stationed by the two defendants, and at the time of the accident complained of the flagman signaled the cable cars forward, then they had the right to proceed, although the electric car in which the plaintiff was a passenger could be seen by the gripman, and that it was then approaching the crossing, and they had the right to assume that said electric car would stop so as to avoid a collision." Rec. 191, 192.

"6. Although the jury may believe from the evidence that the flagman at the crossing of Fifth and Walnut streets was employed jointly by the two defendant companies, and although you may believe that he signaled the north and south-bound cars on Walnut street to proceed on their way across Fifth street, and at or about the same time signaled the motorman on the electric car to proceed on his way across Walnut street, and that in so doing said watchman failed to exercise ordinary care and caution, yet if you further believe from the evidence that the motorman operating the electric car saw the cable cars approaching the crossing, and that a collision was threatened, or by the exercise of the highest practicable care and caution could have seen this, a sufficient time and distance to have stopped his car and prevented the collision, then it was his duty to have done so, notwithstanding the signal of the flagman; and if he failed so to do, then his negligence was the proximate cause of the injuries, and no recovery can be had in this case against the cable company." Rec. 193, 194.

Both of these instructions were manifestly erroneous, to say nothing of the other errors that have been assigned by both the plaintiff and the defendant, Northeast Railway Company, in their motions for a new trial.

Instruction number 1 exempting the Grand Avenue

Company from responsibility, by declaring that it had the right to proceed on its way over the crossing on the sole ground that it was signaled to cross by the flagman on duty at the junction, totally ignoring the question of its duty to exercise care and caution in approaching the crossings to avoid a threatened danger if it was seen, or if it could have been seen by the exercise of that degree of care and caution required of such companies under like circumstances and surroundings, was clearly misleading and highly prejudicial.

This controversy involves solely the question of the liability of the Grand Avenue Company and its codefendant to the plaintiff, and not their responsibilities among themselves. The defendants, nor either of them, are authorized to invoke agreements, rules or customs made among themselves, designed to define their rights in their business relations to each other under ordinary circumstances, and about which plaintiffs have no concern, and of which they may be wholly ignorant, to defeat plaintiffs' right to recover for injuries that have resulted to them from a neglect of a duty that defendants, and each of them, owed to plaintiffs. Nor can one of the defendants shift the entire responsibility, in so far as it may affect plaintiffs, upon the offender against the agreement, rule, or custom among themselves, when the non-offender could have avoided the accident by the use of care and caution after seeing the danger threatened. The lawmaking power of the state, and not the street car companies, can alone promulgate the rules that must govern and define the companies' obligation and liability to the citizen and their passengers.

Instruction number 6 is also faulty in that it exempts the defendant cable car company from all liability, if the jury should find from the testimony that the motorman operating the electric car failed to exer-

cise the care and caution on his part required by law in approaching the crossing, thus wholly ignoring the question of the joint liability of both defendants, if each should be found guilty of carelessness in the manner of approaching the crossing at the time of the accident if a collision was threatened.

If the collision, which resulted in the injury complained of, was caused by the concurring act of the cable car company and the intervening act of the electric car company, the cable car company is also responsible if its negligence is also one of the proximate causes of the injury. A similar instruction to the one above given on behalf of the electric car company would have placed the jury in the anomalous attitude of being authorized to find that the negligence of each and both of the defendants was the proximate cause of plaintiff's injuries, and yet would have been instructed that no recovery could be had against either of them.

The prompt order of the circuit court in awarding a new trial to correct its errors, made in the press of business, is both commended and affirmed. MACFARLANE, J., and BRACE, J., concur. BARCLAY, P. J., concurs in affirming on the ground of error as against plaintiff in the giving of the sixth instruction for the Grand Avenue Company.