THE STATE ex rel. GEORGE J. MERSEREAU, Administrator of Estate of ELIZABETH DOSTER, v. JAMES ELLISON et al., Judges Kansas City Court of Appeals.

**In Banc, July 2, 1914.**

1. **CERTIORARI: Court of Appeals.** If the Court of Appeals did not follow the last previous decision of the Supreme Court, but rendered judgment contrary thereto, the Supreme Court, upon *certiorari*, will quash its judgment.

2. ————: ————: **Reversal on Merits.** Suit for damages for personal injuries had been brought against two railroads, and

260 Mo.—9

at the trial, after the evidence was in, the case was dismissed as to one of them, and in his argument to the jury counsel for the remaining defendant stated that an attempt was being made to load the entire responsibility for the injury upon his client and to let the other company out. Thereupon a lengthy colloquy ensued between counsel for plaintiff and said defendant, defendant's attorney contending that a judgment against his company would be conclusive and bar any right to compel the other company to contribute to the payment of the damages, and plaintiff's attorney that it was immaterial whether a judgment for plaintiff would bar the other company's right to compel contribution. The court directed the jury not to consider the question at all. The Court of Appeals reversed a judgment for plaintiff on the sole ground that plaintiff's counsel used improper language in said colloquy. *Held*, that it was wholly immaterial, so far as plaintiff was concerned, what the rights of the two companies were as between themselves, and the Court of Appeals did not follow prior opinions of this court regarding remarks of counsel in their arguments before the jury, and its judgment, upon *certiorari*, is quashed.

## *Certiorari.*

JUDGMENT QUASHED AND CAUSE REMANDED.

*Lathrop, Morrow, Fox & Moore* and *Cyrus Crane*

for relator.

(1) The Kansas City Court of Appeals violated all prior precedents, both in the Supreme Court and the appellate courts of this State, in reversing and remanding this cause on account of what occurred during the argument of the case before the jury. This is true for these reasons: (a) The remarks of plaintiff's counsel were not improper. (b) If they had been they were fully corrected by the court's action both in giving instructions and in withdrawing the remarks from the jury and instructing the jury to wholly disregard them. (c) The case was not a close one on the facts and no decision can be found in this State where a reversal has been ordered under such circumstances when the court has fully admonished the jury to disregard the matter complained of. It has always been

the rule in this State that the conduct of the argument of the case before the jury and what redress should be given on account thereof, were matters almost wholly within the discretion of the trial court, who heard the arguments and was in a better position to judge of their effect than the appellate court; and on this question it was held that the appellate courts would not interfere unless there was plainly an abuse of this discretion on the part of the trial court. Huckshold v. Railroad, 90 Mo. 599; Gidionsen v. Railroad, 129 Mo. 403; Olferman v. Railroad, 125 Mo. 408; Wendler v. Furnishing Co., 165 Mo. 542; Yost v. Railroad, 245 Mo. 251. We confidently assert that no decision will be found in this State holding that the trial court has abused its discretion in regard to an argument made before a jury, and a reversal ordered on that account, when the trial court has told the jury that the whole matter should be disregarded by them; that they should pay no attention to it and must get it entirely out of their minds. Cases have been reversed where there was an improper argument with no correction by the court, but never has this been done prior to the case at bar, where the court's action was a prompt and complete withdrawal of the matter and an instruction to the jury to disregard it. Nolan v. Johns, 126 Mo. 159; Railroad v. McElroy, 161 Mo. 594; Britton v. Ins. Co., 229 Mo. 733; Wellman v. Railroad, 219 Mo. 152; Dutcher v. Railroad, 241 Mo. 176; Norris v. Railroad, 239 Mo. 695. (2) We realize that we are calling on this court to exercise one of its great powers—a power which necessarily must be sparingly used. However, we believe this court will not hesitate to use that power when it is manifest that an inferior court has committed a serious error—so serious as to amount to a plain deprivation of a right and has accomplished that end by an erroneous opinion contrary to and in conflict with all the prior adjudications of the Supreme Court of the State. It is not a small or inconsequential

matter that a party who has suffered a serious personal injury—an injury which in all probability resulted in death—and who on the trial of the cause has proved the clearest sort of a right to a recovery of damages, should have a perfectly just verdict set at naught on account of some colloquy between attorneys during the argument when the court has told the jury that the matters stated in such colloquy was not for their consideration and they should pay no attention to them. Of course, there is nothing which the courts are more frequently called on to deal with, in the trial of cases, than the arguments of counsel to the jury. When, therefore, a manifestly just verdict is destroyed by the announcement of a new rule, in regard to such arguments, and the entire result of appellate announcements in the State is set aside and given no consideration, it is certainly time for this court to exercise its superintending control in the interest of justice and its proper administration in the inferior courts.

*Fred S. Hudson* for respondent C. M. & St. P. Ry. Co.

(1) The office of the writ of *certiorari* is to give relief to a party in a cause where the lower court has acted without jurisdiction or in excess of its jurisdiction, or when it appears on the face of the record proper that the lower court rendered a judgment which it had no right in law to render; but the writ cannot be used as a substitute for an appeal or writ of error. State ex rel. v. Reynolds, 190 Mo. 588; State ex rel. v. Springer, 134 Mo. 212; State ex rel. v. Woodson, 161 Mo. 444; State ex rel. v. Bland, 168 Mo. 1; State ex rel. v. Shelton, 154 Mo. 670; State ex rel. v. Kansas City, 89 Mo. 34. (2) The office of the writ is to give relief to an injured party when the court has proceeded without jurisdiction or has exceeded its jurisdiction,

or has rendered a judgment or made an order which it is not authorized by law to make. State ex rel. v. Dykeman, 153 Mo. App. 418; State ex rel. v. Reynolds, 190 Mo. 578. (3) At common law and in those States which have not departed materially therefrom (of which Missouri is one) the accepted doctrine is that where a tribunal has jurisdiction the writ does not lie to correct mere errors in the exercise of rightful jurisdiction. State ex rel. v. Wooten, 139 Mo. App. 236; State ex rel. v. Smith, 101 Mo. 174; State ex rel. v. Edwards, 104 Mo. 125. (4) The writ cannot be awarded for the simple purpose of correcting errors, but it must clearly appear that the Court of Appeals had exceeded its legitimate powers. State ex rel. v. Court of Appeals, 99 Mo. 221. (5) The Supreme Court cannot quash the record of the Court of Appeals in a cause in which the Court of Appeals had jurisdiction, on the ground that there was error in the judgment. State ex rel. v. Broaddus, 216 Mo. 344. The main complaint made by relator is that there is error in the judgment rendered by the Court of Appeals. He at no time attacks the jurisdiction of the Court of Appeals, but practically concedes the Court of Appeals had jurisdiction of this cause and it has been stated in the cases herein cited that this court will not exercise its power for the simple purpose of correcting errors unless it is clearly shown that the Court of Appeals exceeded their legitimate powers. Neither will this court attempt to set aside or quash the record of the Court of Appeals on the ground that the Court of Appeals rendered an erroneous judgment, unless the question of jurisdiction arises, which does not in this case.

WOODSON, J.—This is one of the cases coming to this court, by *certiorari*, from the Kansas City Court of Appeals, on the theory that we have the right

to review the decisions of those courts regarding the merits of a case.

Counsel for relator seem to think that the Court of Appeals erred in its ruling regarding the merits of the case, and ask this court to correct that error.

The facts of the case are few and simple, and not disputed in any of the material parts.

Elizabeth Doster, a resident of the State of Michigan, purchased a ticket entitling her to transportation from her home, to the Pacific Coast, via, among other roads, the Chicago, Milwaukee & St. Paul, and the Missouri Pacific Railway Company. While traveling upon the former road (which will hereinafter be referred to as the Chicago Company) near Kansas City, Missouri, the car in which she was riding was switched from the Chicago Company to the Missouri Pacific Railway Company (which will hereafter be referred to as the Pacific Company). In making the switching the Chicago Company so negligently and carelessly drove the car in which Mrs. Doster was riding against some standing cars, on the cross-over track leading from the one road to the other, with such force and violence that she was thereby thrown down upon the floor of the car so as to fracture her hip and otherwise greatly bruise and injure her, from which she has, since this appeal, died. She brought suit in the circuit court of Jackson county for $—— and recovered a judgment for $7500, which on motion for a rehearing was reduced to $6000. From this judgment the Chicago Company appealed the cause to the Kansas City Court of Appeals.

The Court of Appeals, upon the first hearing, reversed the judgment of the circuit court upon the authority of Bagnell Timber Co. v. M. K. & T. R. R. Co., 180 Mo. 420, which erroneously held that where two or more persons were sued jointly in contract or in tort, no recovery could be had against one without against all. That case was expressly overruled in the

cases of Bagnell v. Railroad, 242 Mo. 11; Winn v. Railroad, 245 Mo. 406, and Hutchinson v. Safety Gate Co., 247 Mo. 71.

The attention of the Court of Appeals was called to the case first mentioned, during the pendency of the motion for a rehearing, and thereupon a hearing was granted; and upon the second hearing the Court of Appeals again reversed the judgment of the circuit court and remanded the cause for the reasons to be presently stated.

The second opinion of the Court of Appeals, as I understand the record, reversed the judgment of the circuit court for the sole reason that counsel for relator used improper language during the argument of the cause before the jury.

The record as here presented, which is admitted to be true by the demurrer of respondents, regarding this question, is substantially as follows:

Both the Chicago Company and the Pacific Company were sued jointly, but after the introduction of the evidence in the case counsel for relator concluded that no case had been made against the Pacific Company; and therefore dismissed the case as to it, which action of the trial court, in my opinion, was clearly right.

The trial of the case had occupied several days; and during the argument of counsel for relator, before the jury, the court, for some reason, not made clear (the full argument not having been reported) stated: "Gentlemen of the jury, the Missouri Pacific is no longer in this case. That matter was disposed of Saturday."

Mr. Harber (Counsel for the Chicago Co.): "But that fact is in nowise to influence this jury in any way?"

The Court: "No, not at all."

Mr. Crane (Counsel for relator): "You are explaining that in the light of this instruction?"

The Court: "Yes, sir."

Thereafter, during the argument of the cause, Col. Harber, or some one on his side of the case, made the statement, and probably repeated it, that an attempt was being made to load the entire responsibility of the injury on the Chicago Company and let the Pacific Company out. This was, as previously stated, reiterated by counsel.

In trying to answer this argument counsel for plaintiff there, relator here, stated, as the record shows:

"That the evidence before the jury shows that the injury to the plaintiff occurred while the car in which she was riding was being hauled by the defendant, The Chicago, Milwaukee & St. Paul Railway Company, and that if said defendant questioned that fact it could litigate that matter with the other defendant the Missouri Pacific Railway Company."

Remarks were made as follows:

"Mr. Harber: I want to say to this jury, and if it is not correct I want this court to say so, that a judgment against this defendant here gives us no right whatever to ask a dollar's compensation from the Missouri Pacific.

"Mr. Crane: I say it don't prevent your doing so.

"Mr. Harber: I say we have no right, and it is absolutely conclusive as to which one's negligence caused this woman's injury.

"Mr. Crane: I deny that as not being a correct statement of the law.

"Mr. Harber: What is the ruling of the Court?

"The Court: I don't rule on it at this time. I think it is a matter of argument for counsel.

"To which ruling and action of the court in permitting such line of argument, the said defendant, the Chicago, Milwaukee & St. Paul Railway Company, at the time excepted and still excepts."

The matter was again referred to as follows:

"Mr. Crane: I don't agree with Mr. Harber that if his company is held liable he cannot recover against the Missouri Pacific. I say in my judgment he can; but he won't do it, because, in my judgment, he hasn't a particle of evidence to substantiate that.

"Mr. Harber: I want the court to say that such is not the law; that no recovery in this case against the Milwaukee will warrant it; and, on the other hand, would absolutely bar any such claim against the Missouri Pacific.

"Mr. Crane: It would not bar it until there is a final judgment against the Missouri Pacific.

"Mr. Harber: I ask the court to so instruct the jury, that it would bar it.

"This the court refused to do. Defendant excepted at the time.

"Mr. Crane (Continuing argument): These gentlemen (the defendant, Chicago, Milwaukee & St. Paul) though won't do it because I gave them the opportunity to do it right in this court room and you heard—

"Mr. Harber: I object to that; there is nothing of that kind in the record. I told you the other day that we had the witnesses right here to show that if there was any rough handling of these cars it was while they were in the hands of the Missouri Pacific, and you could put them on as you did the Missouri Pacific men. I told Mr. Crane that our men were right there, and he would not deign to do it.

"The Court: Gentlemen of the jury, you will not consider at all what either counsel had to say with reference to what recovery ever could be made herein. You must get the idea of that out of your mind altogether.

"Mr. Harber: I want the court to go further and say that a finding in this case would not, under any circumstances, give the Milwaukee any right or claim against the Missouri Pacific.

"Mr. Crane: And neither would it bar them.

"Mr. Harber: And would bar them.

"The Court: The court has already, at the request of both sides, instructed the jury that they will not consider this question of a recovery over at all, and that is the way the matter stands, and that is the only instruction or information the jury shall have on the question.

"To which ruling and action of the court the defendant The Chicago, Milwaukee & St. Paul Railway Company at the time excepted and still excepts."

I. The foregoing is a sufficient statement of the facts to fully present the legal proposition here presented.

The colloquy here narrated between counsel for the Chicago Company and the relator regarding the rights that existed between the former and the Missouri Pacific Company has been before this court a number of times; and in the case of Beave v. Transit Co., 212 Mo. 331, in a more solemn form, for there it involved a written instruction of the court and not a heated colloquy between counsel and the court during the argument of the cause. In that case this court, after a careful review of the authorities upon that question, in speaking through Judge Fox, said:

"But independent of this, respondent is not responsible for errors committed by the court in giving or refusing instructions declaring the rights of the defendants among themselves. He took no part in that and could not have prevented the action of the court in that regard. If error it was in giving said instruction, plaintiff, adopting the quotation as made in brief of counsel for respondent, could but sit 'like patience on a monument, smiling at grief.' [Taylor v. Railroad, 137 Mo. l. c. 368; O'Rourke v. Railroad, 142 Mo. l. c. 352.]"

This is logically true and announces sound doctrine. What has the relator in this case to do with the interquarrels of the defendants? None whatever. She might have sued the Chicago Company only, had she deemed it proper. Then no question whatever could have been raised as to the liability of the Pacific Company, except in a negative way, that the Chicago Company was not responsible for the injury and therefore not liable for the damages inflicted upon the relator.

It is elementary law, as shown by the Bagnell cases, supra, that an injured party may sue any or all wrongdoers contributing thereto, and in so far as he is concerned it is wholly immaterial what the rights of the wrongdoers are, as between themselves. This is self-evident from the mere statement of the venerable legal proposition underlying it.

There is no other error assigned or committed in so far as this record discloses.

Under this view of the case we are clearly of the opinion that the Court of Appeals did not follow the numerous rulings of this court regarding remarks of counsel in argument before the jury.

Entertaining these views I am clearly of the opinion that the judgment of the Court of Appeals is erroneous and that it should be quashed, and the cause remanded.

It is so ordered. All concur, except *Bond, J.,* who dissents.