THE STATE ex rel. UNITED RAILWAYS COMPANY v. GEORGE D. REYNOLDS et al., Judges of St. Louis Court of Appeals.

In Banc, June 14, 1919.

1. **MOTION FOR NEW TRIAL: General Assignment.** A motion for a new trial which assigns as grounds therefor that "the court erred in refusing to give and read to the jury legal and proper instructions requested by defendant" and that "the court erred in giving and reading to the jury illegal and misleading instructions on behalf of plaintiff and over defendant's objection thereto" is sufficient to present for review the question of the correctness or incorrectness of the instructions given or refused. [Following Wampler v. Railroad, 269 Mo. 1. c. 476. et seq., decided in Court in Banc, and holding that said case, and not Kansas City Disinfecting & Mfg. Co., 273 Mo. 300, decided in Division, was the last previous decision on the point. WALKER, FARIS and WILLIAMS, JJ., dissenting.]

*Held*, by WALKER, J., dissenting, that Section 1841, Revised Statutes 1909, which declares that "all motions shall be accompanied by a written specification of the reasons upon which they are founded; and no reason not so specified shall be urged in support of the motion," is explicit in its terms, mandatory

in its nature, helpful in its purpose, and especially applicable to motions for a new trial urging error in the giving or refusing of instructions, and a general assignment of such error is not sufficiently specific to authorize a review thereof on appeal; and that to condemn the trial judge because he did not seek out specific error, in obedience to a general assignment challenging the correctness of the instructions, is unfair to him.

2. CONFLICTING OPINIONS: Last Controlling Decision of Supreme Court: Decision in Division: Prior Decision In Banc. *Held*, by BLAIR, J., with whom WOODSON and GRAVES, JJ., concur, that a subsequent decision rendered in Division does not overrule or displace a prior decision made in Court in Banc, except in so far as it affects the particular case in which it is made; and that where there is a conflict in such decisions on a question of law or equity, it is the duty of the Court of Appeals, in ascertaining what is the last controlling opinion of the Supreme Court, to follow the last previous decision of Court in Banc.

## *Certiorari.*

RECORD QUASHED.

*H. S. Priest, Morton Jourdan* and *T. E. Francis* for appellant.

The Court of Appeals erred in holding that the errors assigned in the brief filed by appellant (relator here), assigning error on the giving of a certain instruction for respondent and the refusal to give certain instructions requested by appellant, could not be considered by the court for the reason that the motion for a new trial filed by appellant is not sufficiently specific; and said ruling is in conflict with the following controlling decisions of the Supreme Court: Wampler v. Railroad, 269 Mo. 464; Stid v. Railroad, 236 Mo. 382, 397; Collier v. Lead Co., 208 Mo. 246, 256; Weber v. Railroad, 100 Mo. 205.

*Earl M. Pirkey* for respondent.

(1) "A majority of the judges of a division shall constitute a quorum thereof, and all orders, judgments

and decrees of either division, as to causes and matters pending before it, shall have the force and effect of those of the court." Mo. Constitution, Amendment of 1890, sec. 1. (2) "And the last previous ruling of the Supreme Court on any question of law or equity shall, in all cases, be controlling authority in said courts of appeal." Mo. Constitution, Amendent of 1884, sec. 6. (3) Division Two of the Supreme Court has decided that an assignment in the motion for a new trial that the court erred in refusing to give and read to the jury legal and proper instructions requested by defendant, is insufficient to secure a review in the appellate court in the action of the court in refusing the instructions. Kansas City Disinfecting & Manufacturing Company v. Bates Co., 201 S. W. 92; Wynne v. Wagoner Undertaking Company, 204 S. W. 15; State v. Rowe, 271 Mo. 88; State v. Selleck, 199 S. W. 129. (4) The assignment in the motion for a new trial in a civil case that the court erred in refusing to give and read proper instructions given by defendant, is insufficient to secure a review by the appellate court of the refused instructions. Wynne v. Wagoner Undertaking Co., 204 S. W. 15; Kansas City Disinfecting & Manufacturing Company v. Bates Co., 201 S. W. 92; Wampler v. Railroad, 269 Mo. 464. (5) A claim made for the first time in the motion for rehearing comes too late when the opportunity and occasion for making the claim arose before. Strother v. Railroad, 203 S. W. 207; Bilby v. Stewart, U. S. Supreme, March 4, 1918.

BLAIR, J.—*Certiorari.* In the case of Lampe v. United Railways, 202 S. W. 438, the St. Louis Court of Appeals had before it a motion for a new trial upon these grounds:

"Because the court erred in refusing to give and read to the jury legal and proper instructions requested by defendant.

"Because the court erred in giving and reading to the jury erroneous, illegal and misleading instructions

on behalf of plaintiff and over defendant's objections thereto.''

The Court of Appeals held that these allegations of the motion were insufficient to present for review the question of the correctness or incorrectness of the instructions given and refused. It based this conclusion upon Kansas City Disinfecting & Mfg. Co. v. Bates County, 273 Mo. 300. In that case Polski v. St. Louis, 264 Mo. 458, Wampler v. Railroad, 269 Mo. 466, and State v. Rowe, 271 Mo. 88, are cited in support of a holding that an assignment in a motion for new trial that ''the court refused proper declarations of law offered by the plaintiff is insufficient.''

In Wampler v. Railroad, 269 Mo. 1. c. 476 et seq., this court, in banc, expressed its views on general assignments in motions for new trial in civil cases. The cases were cited and discussed, and the practice for decades referred to. It was held that the true rule is (1. c. 483): ''When the motion for new trial charges that the court erred as to the giving or refusing of instructions, it but calls the attention to the things which the court has done or has failed to do. It sufficiently advises the court that he has erred in his judgment of the law of the case.'' The principle thus announced and applied by Court in Banc is applicable to this case. The language in the motion in the Wampler case, which refers to ''each and all of the instructions,'' is no less general in fact than that in the motion considered in this case. Both formulas challenge all the instructions. Intimations to the contrary in decisions cited ought not to be followed.

The Court of Appeals was confronted by an unusual situation. The case it cited was decided in Division and post-dated the decision of Court in Banc in the Wampler case. In these circumstances the Court of Appeals held the divisional decision to be binding and followed it. While the decision of a division (''as to causes and matters pending before it,'' Sec. 1, Amd. of 1890 to Const.) is a decision of the court, it is not pos-

sible to hold that it overrules or displaces a decision of Court in Banc except in so far as it affects the particular case in which it is made. When a divisional judgment becomes final it is final despite any conflict between the decision upon which it rests and decisions of Court in Banc. So far as concerns the law in principle, however, the decision of Court in Banc is still the law and is in no wise modified or affected by a conflicting divisional decision. It is apparent that if a conflicting divisional decision does not and cannot overrule or displace or affect a principle established by a decision of Court in Banc, then the Court in Banc decision remains the law and remains the live decision on the question. To say a divisional decision conflicting with a decision of Court in Banc is "the last previous ruling of the Supreme Court" within the meaning of Section 6, Article 6, Constitution of Missouri, p. 101, Revised Statutes 1909, would be equivalent to holding that a Division had overruled Court in Banc, i. e. that a part is greater than the whole. For these reasons we conclude the decision in the Wampler case was the "last previous ruling" within the meaning of the Constitution.

Another thing worthy of note is that in the divisional case cited, a second and independent reason was given for the course pursued.

We hold that the opinion conflicts with the controlling decision of this court, and that the record must be quashed. *Woodson* and *Graves, JJ.*, concur; *Bond, C. J.*, concurs in result; *Walker, Faris* and *Williams, JJ.*, dissent.

WALKER, J.—(dissenting.)—I do not concur in the conclusion reached in the majority opinion, that the motion for a new trial therein is sufficiently specific in regard to the instructions, to authorize a review of same. The cardinal purpose of our code of procedure is one of simplicity and directness. This purpose is manifest wherever the clear current of the administrative law has not been clouded by incongru-

ous amendments. In no particular instance is this truth more strikingly illustrated than in Section 1841, Revised Statutes 1909, which provides that "all motions shall be accompanied by a written specification of the reasons upon which they are founded; and no reason not so specified shall be urged in support of the motion." An observance of the requirements of this section cannot but aid the trial court in readily ascertaining and speedily determining the errors assigned, especially as to the instructions. These, as even the novice in the practice knows, are only subjected to general objections when given or refused, and the trial judge is afforded no intelligent opportunity to correct an error therein until he rules upon the motion for a new trial. Unaided by any specific allegations, and having only for his guidance an indiscriminate, general declaration challenging the correctness of the instructions, he must perforce in the discharge of his duty, review the entire record to determine whether or not in the heat and haste of the trial, error in that regard has been committed.

It is clear to my mind that this "slip-shod" and misleading practice of making general assignments of error, in regard to the instructions in motions for a new trial, is in the very teeth of the statute (Sec. 1841); contrary to the purpose of the code; and that it entails what would otherwise be unnecessary labor upon the trial courts. Of such evident importance, therefore, to our practice is the right interpretation of this statute that I have not hesitated to express at some length my protest against the adoption of the majority opinion. This too, notwithstanding the fact that the writer of the dissenting opinion in the Wampler case, 269 Mo. l. c. 486, and his associate, Judge FARIS, in the Rowe case, 271 Mo. 88, traced the history and mutations of Section 1841 from its early incorporation into our code down to the present revision, with the result that it is shown beyond cavil that this section was intended to apply to motions for new trials as well as others, and that a disregard of same is unauthorized under all reasonable rules of interpretation.

Furthermore, it was not necessary to a determination of the matter actually at issue in the motion for a new trial in the majority opinion in the Wampler case, that it be there held that a general assignment of error in such motion concerning the instructions will suffice to authorize a review of same. This for the reason. that the motion in that case was sufficiently specific to conform to the requirements of Section 1841, which was not the fact in the case at bar; and hence the general observations of the learned writer of that opinion may not unfairly be classified as *obiter* so far as they conclude that said section is not controlling.

Explicit in its terms, mandatory in its nature, and helpful in its purpose, the section should not be ignored. Hence this dissent.