STATE OF MISSOURI at the Relation of the MISSOURI MUTUAL ASSOCIATION, a Corporation, Relator, v. PERRY T. ALLEN, WALTER E. BAILEY and ROBERT J. SMITH, Judges of the Springfield Court of Appeals.—78 S. W. (2d) 862.

Division Two, January 7, 1935.

*Kirk Hawkins* and *Argus Cox* for relator.

354

*Williams & Stone, Edward E. Naber* and *James M. Meek* for respondents.

COOLEY, C.—Certiorari to quash opinion of respondents, Judges of the Springfield Court of Appeals, in the case of Izadore Macan, plaintiff, v. Missouri Mutual Association, an insurance company, defendant, reported in 60 S. W. (2d) 402. Relator, defendant in said action, had issued a policy of insurance for $1000 upon the life of one Barbara Soptich, in which Macan was named as beneficiary. Upon the death of the insured Macan sued on the policy and recovered judgment for the face thereof, with interest and also for $100 as statutory penalty and $300 attorney's fee, because of the defendant's alleged vexatious refusal to pay. The court sustained defendant's motion for a new trial upon the stated ground that it had erred in excluding certain evidence, Exhibit C, offered at the trial by the defendant. The plaintiff appealed from that order to the Springfield Court of Appeals, which court reversed the trial court's order

and remanded the cause with directions to the trial court to reinstate the verdict and enter judgment thereon. By this proceeding the defendant, relator here, seeks to quash the opinion and judgment of the Court of Appeals, on the ground that it is in conflict with prior decisions of this court. The chief grounds of conflict urged are that the Court of Appeals reversed the trial court on a question that had not been considered and passed upon by that court, in contravention of principles previously announced by this court, and that in failing to hold that the trial court's action in granting a new trial was sustainable because of error in having submitted to the jury the issue of vexatious refusal to pay the Court of Appeals contravened a former decision of this court.

In proceedings of this kind we are concerned only with the question of conflict and we look only to the opinion of the Court of Appeals for the facts, as has been sufficiently enunciated heretofore. [See State ex rel. Hauck Bakery Co. v. Haid, 333 Mo. 76, 62 S. W. (2d) 400; State ex rel. Sei v. Haid, 332 Mo. 1061, 61 S. W. (2d) 950; State ex rel. Silberforb v. Smith (Mo.), 43 S. W. (2d) 1054; State ex rel. Horspool v. Haid, 328 Mo. 327, 40 S. W. (2d) 611; State ex rel. Arndt v. Cox, 327 Mo. 790, 38 S. W. (2d) 1079.] From the opinion of respondents the following facts appear: Plaintiff's petition was in conventional form and as summarized in the opinion pleaded a cause of action as upon an "old line" insurance policy, alleging performance by the plaintiff and the insured of all the conditions and stipulations of the policy, with further allegations charging vexatious refusal on the part of the defendant to pay. The answer admitted the issuance of the policy and that the plaintiff was therein named as beneficiary and denied generally the other allegations of the petition. It further pleaded in substance that the defendant was an assessment company organized under the laws of Missouri and as such was not liable for interest, attorney fees, or statutory penalty for vexatious failure to pay, and as a defense to plaintiff's alleged right of recovery pleaded that the insured had tuberculosis at the time she applied for the policy and died from that disease and in procuring the insurance had fraudulently represented that she did not have tuberculosis and was in sound health. Certain other alleged defenses were abandoned at the trial, according to respondents' opinion. That holding is not challenged here and need not be further noticed. At the close of the evidence, defendant's demurrer to the evidence was overruled and the cause was submitted to the jury under seven instructions, four given at the request of plaintiff and three at the request of defendant. Of these we need not notice instructions 1 and 2 given for plaintiff. Instruction 3 for plaintiff authorized the jury to find for the plaintiff on the issue of vexatious refusal to pay if they found the facts as therein hypothesized; No. 4 for plaintiff placed upon defendant the burden

of proving the issue of false representation in procuring the policy and that the matter misrepresented contributed to the death of the insured; No. 5, for defendant, required the jury to find for defendant if they believed that insured's answer in her application that she did not then have tuberculosis was false and that she died from tuberculosis; No. 6, for defendant, that the finding should be for defendant on the issue of vexatious delay if the jury found that defendant acted in good faith on reasonable grounds; No. 7, for defendant, required a finding for defendant if the jury found that the insured had tuberculosis when she made application for the insurance and that she died from that disease. The form of these instructions is not here involved. We therefore state only their substance and effect. The Court of Appeals said: ''The case is before us on three questions: 1. Did the trial court err in excluding defendant's Exhibit C, the alleged application of Barbara Soptich for admission to the State Sanitorium at Norton, Kansas?

''2. Did the trial court err in refusing to give defendant's requested Instruction A, requiring the jury to find for defendant on the issue of vexatious delay?

''3. Did the trial court err in refusing to give defendant's requested Instruction B, requiring the jury to find that Barbara Soptich died of tuberculosis?

''The burden is, of course, on the plaintiff to show that the court erred on the first of the above questions, and on the defendant to show that error was committed in the next two questions.''

Exhibit C, offered by defendant and excluded by the trial court, related only to the question of whether or not the insured had tuberculosis and knew it when she applied for the insurance, in other words, to the issue of false representations in procuring the policy. It was because of supposed prejudicial error in excluding that exhibit that the trial court had sustained the defendant's motion for new trial. Respondents reviewed the evidence bearing on that question and held that ''it would have been error to have excluded that exhibit from the jury, if reliance on the representations in the application for the insurance were not waived as contended by the plaintiff.'' On this question respondents further said: ''The plaintiff contends that even though it should be found that Exhibit C should have been admitted as evidence, yet the trial court erred in granting a new trial on account thereof, because under the undisputed evidence in the case, defendant waived the misrepresentations, if any, made by the insured in her application for the policy, and is estopped from relying thereupon.

''There is no merit to the contention of the defendant that this point of waiver cannot be pressed here, because it was not pleaded and thus presented to the trial court and no instruction on waiver was requested. [Coleman v. Central Mutual Ins. Association (Mo.

App.), 52 S. W. (2d) 22, 23; Ornellas v. Moynihan (Mo. App.), 16 S. W. (2d) 1007.]''

Respondents then reviewed the facts shown in ·evidence relative to the question of waiver and in substance held that under the conceded facts the defendant, as a matter of law, had waived the alleged misrepresentations and was estopped to assert that defense. Respondents said, citing a number of cases in support thereof: ''Without discussing the facts further in this case, we are fully convinced that the above uncontroverted facts are such that the trial court should have held that, even though defendant's Exhibit C might have been proper evidence under certain circumstances, yet the defendant had waived its right to defend under the misrepresentations therein expressed, and by such waiver the defendant is estopped to deny that the policy is valid or that it has waived the misrepresentations, and that the exclusion of Exhibit C was not reversible error.''

Respondents then said, as their only discussion and their holding on the question of vexatious refusal to pay: ''Defendant contends that the court should have granted it a new trial because of refusing to give its requested instructions 'A' and 'B.' Instruction 'A' is a direction to the jury to find for it on the question of vexatious delay, and Instruction 'B' is a direction to find for it because Barbara Soptich died from tuberculosis.

''Because of what we have heretofore set out we hold it was not error to refuse these instructions.''

As indicated in an above-quoted paragraph of respondent's opinion the plaintiff had not pleaded waiver by defendant of the misrepresentations, if any, made by the insured in her application for the policy or that defendant was estopped from asserting that defense, nor did he at the trial request the court so to instruct the jury. He did in his petition allege performance of the terms of the policy by the assured. Under such allegation waiver may be proved though not specifically pleaded. [Block v. U. S. F. & G. Co., 316 Mo. 278, 297, 290 S. W. 429, 436 (9); Coleman v. Central Mut. Ins. Assn. (Mo. App.), 52 S. W. (2d) 22, 23 (2).] ▆ According to respondents' opinion such proof was made in this case and conclusively showed that defendant had waived the alleged misrepresentations and was estopped from asserting that defense. As we understand relator's position it does not contend here that such conclusion of respondents upon the facts stated in their opinion was wrong or in conflict with prior decisions of this court but only that in considering and passing upon that question at all respondents contravened such prior decisions because such question had not been presented to or passed upon by the trial court. In its reply brief relator thus states its contention: ''Under Point No. 3, counsel for respondents state, that, *on the facts stated in the opinion*, the Court

of Appeals is not in conflict with any decision of the Supreme Court. That question is not in this case. The question here is, that the Court of Appeals is in conflict with the cases we cite by taking up and reciting in its opinion the facts which it construes to show waiver of the defense of misrepresentations when no question of that character was passed on by the trial court."

In the same brief it says further: "The question whether the Court of Appeals was right or wrong or in conflict with any decision of the Supreme Court in holding that, *on the facts stated in the opinion*, relator had waived the defense of misrepresentation, is not before this court in this proceeding."

In support of this contention relator cites cases, such as Howell v. Jackson County, 262 Mo. 403, 414, 171 S. W. 342; Taber v. Mo. Pac. Ry. Co. (Mo.), 186 S. W. 688, 691, and City of Springfield v. Smith, 322 Mo. 1129, 19 S. W. (2d) 1, 9, holding that a point not presented in the trial court and upon which that court was not asked to and did not rule will not be considered on appeal. Relator also cites cases, such as Morgan v. Mulhall, 214 Mo. 451, 462-4, 114 S. W. 4, holding that failure of the trial court to give instructions on some question when no instruction thereon is requested is mere nondirection and not reversible error. It is contended that the action of the Court of Appeals in considering the question of waiver and in reversing the trial court's action granting a new trial violates the principle announced in the cited cases, and convicts the trial court of error in a matter on which it had not ruled and had not been asked to rule. We think otherwise.

The circuit court sustained the defendant's motion for new trial and set aside the verdict on the stated ground that it had erred in excluding Exhibit C. That ruling necessarily amounted, in effect, to a holding that the exclusion of said exhibit was not merely error but error prejudicial to the defendant.

It is well settled that nonprejudicial error will not justify reversal of a judgment and that appellate courts will not reverse judgments because thereof. On the same principle and for like reasons we think it obvious that a trial court is not justified in setting aside a verdict and granting a new trial on the ground of error committed in the trial unless such error was prejudicial to the losing party. The action of the learned circuit court therefore amounts in legal effect to a ruling that the alleged error, the exclusion of the exhibit, prejudiced the defendant's rights. If, as respondents held, upon the facts stated in the opinion it conclusively appeared, as a matter of law, that the defendant had waived the alleged misrepresentations and was estopped to assert that defense, then the error, if any, in excluding said Exhibit C, which bore only upon that defense could not have prejudiced defendant, because upon the facts shown, as respondents held, it had no such defense. The

circuit court's ruling necessarily means that in the opinion of that court the defendant was entitled to go to the jury on the question of misrepresentation, and therefore had been denied its legal rights by the erroneous exclusion of evidence tending to sustain that defense. In other words, said ruling amounts to a holding that under the evidence the right to defend on the ground of misrepresentation had not been conclusively waived by the defendant, but that such issue was for the jury. Such being the necessary effect of the court's ruling it cannot be said that it did not pass upon the question of waiver, regardless of the reasoning by which it reached the conclusion it announced. In sustaining the motion for new trial on the ground stated we think the circuit court thereby in legal effect passed upon and determined the question of whether the defendant, as a matter of law on the facts shown, had waived the alleged misrepresentations and was estopped from asserting that defense. The Court of Appeals held that upon the facts in the record the conclusion so announced and enforced by the circuit court was wrong. That it had jurisdiction so to do and that in so doing it did not contravene decisions of this court or principles of law therein announced we think clear.

It is further contended that respondents' opinion contravenes decisions of this court holding that a point not presented in the appellate court in the appellant's original brief but for the first time in his reply brief will not be considered. Relator says that the question of waiver above discussed was not raised by plaintiff in his original brief filed in the Court of Appeals but was first raised in that court by reply brief. The opinion does not so show. We have quoted all that respondents say in their opinion on that subject, in substance that the plaintiff contended that under the undisputed evidence the defendant had waived the misrepresentations, if any, and was estopped from relying thereon. We must presume, absent, as here, anything in the opinion to the contrary, that the contention was sufficiently and timely made. We will not presume wrong action on the part of the Court of Appeals. Relator concedes that it does not appear from the opinion that the point was first made by reply brief, but argues that nevertheless we should look to the briefs of counsel filed in the appellate court,—though not mentioned in respondents' opinion,—because that court could only know the contentions of the parties from their briefs and therefore reference to the contentions made necessarily amounts to such a reference to the briefs as to authorize and require this court to examine and consider them as part of the record before us for consideration on certiorari. We think not. That line of reasoning would require us on certiorari to look to the record of the trial court filed in the Court of Appeals for the facts of the case, rather than to the appellate court's opinion, because such appellate court could only learn and state the facts from the record filed with it. As stated above the purpose and scope

of our inquiry on certiorari has heretofore been sufficiently set forth. To allow relators' contention would be going farther than we have ever gone or expressed a willingness to go, toward assuming, unwarrantably, the equivalent of appellate jurisdiction over the Courts of Appeals. This contention cannot be allowed.

Relator contends that in holding that the trial court had not erred in refusing its requested Instruction A, which sought to withdraw from the jury the issue of vexatious refusal to pay, respondents' opinion contravenes the decision of this court in Thompson v. Traders' Ins. Co., 169 Mo. 12, 68 S. W. 889. The Thompson case was an action on a fire insurance policy, issued by an Illinois insurance company authorized to do business in Missouri and Kansas. The policy was issued in Kansas, to a resident of that State, covering property located there. The loss occurred and the cause of action accrued there. This court held that the Missouri penalty statute did not apply. A Kansas statute had been pleaded as authorizing recovery of damages and attorney fees for vexatious delay, but it was not introduced in evidence and on appeal it was conceded that said statute did not apply in the circumstances of that case. In holding that the Missouri statute did not apply the court said, 169 Mo. l. c. 29, 68 S. W. 889: "The Missouri statute imposing this penalty for vexatious delay, does not relate to the remedy. It is a matter connected with the performance of a contract. Hence, it can only apply to contracts that are to be performed in Missouri. It has no application to the contracts like the policy in suit, which was made in Kansas, where the property insured was located and was destroyed in Kansas, where the contract was to be performed in Kansas, and where the cause of action accrued and became complete in Kansas.

"It could not be that under the laws of Kansas the defendant would not be liable for damages for vexatious delay, but because the venue is transitory the plaintiff could sue in Missouri instead of in Kansas, and under the Missouri statute recover damages for vexatious delay. The Missouri law applies only to the remedy in this case. The law of Kansas applies to the contract and to all matters pertaining to the performance thereof. Hence, the Missouri rule applies to the waiver, while the Missouri statute allowing damages for vexatious delay does not apply."

In the instant case it does not appear from respondents' opinion where the contract of insurance was made nor where the insured resided. It does appear therefrom that she died at a sanitarium in Kansas, to which she had gone for treatment. From that fact relator argues that the cause of action accrued in Kansas; that under the ruling in the Thompson case the question of damages and attorneys' fees for vexatious delay relates to performance of the contract and is governed by the law of the state where performance is to be

made, which, relator argues, is Kansas, because the insured died there. We deem it unnecessary to consider this question or further to analyze the Thompson case. As we have stated we are concerned in this proceeding only with the question of conflict, and we look to the appellate court's opinion for the facts. From the opinion it does not appear that the point now urged by relator was ever presented either to the circuit court or to the Court of Appeals. Respondents say in their opinion that in its answer the defendant asserted non-liability for vexatious delay on the ground that it is an assessment company under the laws of Missouri and for that reason not liable for such interest, attorney fees and penalty. So far as appears from respondents' opinion no other ground of nonliability was asserted in the trial court or in the Court of Appeals. We have quoted all that respondents say in their opinion on the subject. Since the circuit court did not sustain defendant's motion for new trial on the ground of refusal of Instruction A, thereby in effect overruling it on that point, the burden of showing error in such refusal rested, on appeal. upon the defendant. [Smith v. K. C. Pub. Serv. Co., 328 Mo. 979, 994, 43 S. W. (2d) 548, 554 (10-16).] It is evident from respondents' opinion that they disposed of the question of the refusal of Instruction A on the same theory on which, as it appeared to them from the record, the case had been tried below, viz,—that the only ground on which exemption from liability for vexatious delay was claimed was that defendant is an assessment company and therefore exempt, which claim could not be allowed in view of the further fact that the case was tried below by both parties on the theory that the policy in suit was an old line or stipulated premium policy. Respondents did not have before them and did not decide the question involved in the Thompson case or a like question. We find in their opinion no conflict with that case, nor with any other decision of this court to which our attention has been called. It is our conclusion that our writ herein should be quashed. It is so ordered. *Westhues* and *Fitzsimmons, CC.*, concur.

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. All the judges concur.