STATE OF MISSOURI at the relation of NATALIE NEVINS, Relator, v. WILLIAM C. HUGHES ET AL., Judges of the St. Louis Court of Appeals.—149 S. W. (2d) 836.

Division One, April 18, 1941.

*Alvin A. Wolff* for relator; *Orville Richardson* of counsel.

970

*Moser, Marsalek & Dearing* for respondents.

BRADLEY, C.— Certiorari to quash the record and opinion, by the St. Louis Court of Appeals, in Nevins v. Solomon et al., 139 S. W. (2d) 1109. We are concerned only with whether or not the opinion is in conflict with the last controlling decision of the Supreme

Court. [State ex rel. Brotherhood of Locomotive Firemen & Enginemen v. Shain et al., 343 Mo. 666, 123 S. W. (2d) 1; State ex rel. Missouri Mut. Assn. v. Allen et al., 336 Mo. 352, 78 S. W. (2d) 862.] As to the facts, we are limited to such as appear in the opinion. [State ex rel. v. Shain et al., supra; State ex rel. Superior Mineral Co. v. Hostetter et al., 337 Mo. 718, 85 S. W. (2d) 743.]

The Nevins case was for damages for personal injuries sustained by the plaintiff while riding in an automobile driven by the defendant Solomon. The cause was commenced against Solomon, Great Eastern Oil Company, United Service Car Company, Sam and Goldy Finn, but dismissal was had as to all defendants, except Solomon and Sam Finn. At the close of the whole case both Solomon and Finn offered demurrers to the evidence. Solomon's was refused; Finn's was given. The jury, as directed, found for Finn, and returned a verdict for plaintiff for $7500 against Solomon and he appealed to the St. Louis Court of Appeals. That court reversed the judgment and remanded the cause and plaintiff Nevins petitioned for and was granted certiorari.

From the opinion: "According to the evidence of plaintiff and Solomon, as the automobile in which they were riding was traveling eastwardly on Lindell Boulevard and approaching Lake Avenue, in the City of St. Louis, the service car operated by Finn, passed it on the left and then suddenly turned to the right and cut in front of Solomon's automobile. Solomon's automobile was moving between 25 and 30 miles an hour in about the middle of the south half of Lindell Boulevard when it was passed by Finn's service car, which at that time was being driven at a speed of between 35 and 40 miles an hour. The evidence of plaintiff and Solomon further was to the effect that after Finn's car passed Solomon's car it turned sharply to the right and was brought to an abrupt stop at the curb; that when it stopped it was not parallel with the south curb of Lindell Boulevard; but was standing at an angle, the rear of the service car being farther from the curb than its front. No warning was given by Finn of his intention to stop. Solomon testified that in suddenly turning in front of him, Finn's automobile missed him by just a few feet and as soon as he saw the service car in the act of stopping he immediately applied his brakes, but before he could bring his automobile to a stop the right front end of it struck the left rear corner of the service car. Plaintiff's testimony was to the effect that after the service car cut in front of the Solomon automobile and when it came to a sudden stop, Solomon was trying to wrap a bathing suit, which was lying on the front seat, with one hand, and from her testimony it could be inferred that Solomon, because his attention was fixed on the bathing suit, did not seasonably notice the sudden stop of the service car. Finn's testimony was to the effect that he had not passed the Solomon automobile and that he stopped at the place of the collision to discharge a

passenger and in so driving and stopping he did not cut in front of any automobile or do anything else unusual.''

The peremptory direction to find for Finn was as follows: ''At the close of the whole case the court instructs the jury that under the law and the evidence you must find for the defendant, Sam Finn, and against the plaintiff, Natalie Nevins.''

A sole cause instruction, given at the request of Solomon, was to the effect that ''if the jury believe that Finn turned his automobile into the path of the automobile of defendant Solomon, and stopped the same when the automobile of defendant Solomon was so close that a collision was likely to occur and that such act was negligent and was the sole cause of the collision, and that Solomon was not guilty of any negligence causing or contributing to cause the collision, that the verdict must be in favor of defendant Solomon.''

After stating the facts the Court of Appeals said (139 S. W. (2d) l. c. 1111): ''We have the anomalous situation of the court telling the jury, in effect, that if the collision was solely caused by Finn's negligence they must find in favor of Solomon, but that Finn was not negligent. Therefore, one of two conclusions is inescapable, either Finn was not entitled to his peremptory instruction or Solomon was not entitled to his sole cause instruction, the one is diametrically opposed to the other.'' And the Court of Appeals said that the question of major importance before them was whether Solomon had any right to complain on the giving of the peremptory direction to find for Finn, and held that he did have such right. The question here is whether such ruling conflicts with the last controlling decision by the Supreme Court.

In Clark v. St. Louis & Suburban Railway Company and the Union Iron Company (banc), 234 Mo. 396, 137 S. W. 583, alleged joint tort-feasors, plaintiff got a verdict against the railroad company for $20,000, but the jury found for the iron company. Both the plaintiff and the railway company appealed. The trial court gave an instruction (No. 4) on behalf of the iron company, of which the railway company complained. In ruling the assignment on the instruction, the court said (234 Mo. l. c. 424, 137 S. W. 583): ''The third answer to appellant's assault upon said instruction No. 4, is that it was not given at the request of the respondent (plaintiff), but at the instance of the defendant Iron & Foundry Company. The law in this State is well settled that the respondent cannot be affected by instructions asked or given between defendants,'' citing Taylor v. Grand Avenue Ry. Co. et al. (Div. 1), 137 Mo. 363, l. c. 368, 39 S. W. 88; O'Rourke v. Lindell Railway Co. et al. (Div. 1), 142 Mo. 342, l. c. 353, 44 S. W. 254; Beave v. St. Louis Transit Co. (Div. 2), 212 Mo. 331, l. c. 355, 111 S. W. 52.

The Beave case was commenced against the St. Louis Transit Company, the United Railways Company, and the Missouri Pacific Rail-

way Company for personal injuries. The cause was dismissed as to the United Railways Company. The jury found for plaintiff for $7500 against the transit company, but found for the Missouri Pacific Railway Company. The transit company appealed, and among the assignments was one on an instruction given at the request of the Missouri Pacific. In ruling this assignment, the court said (212 Mo. l. c. 355) : "The respondent is not responsible for errors committed by the court in giving or refusing instructions declaring the rights of the defendants among themselves. He took no part in that and could not have prevented the action of the court in that regard. If error it was in giving said instruction, plaintiff, adopting the quotation as made in the brief of counsel for respondent, could but sit 'like patience on a monument, smiling at grief.' "

Maher v. Donk Bros. Coal & Coke Co. et al. (Div. 1), 323 Mo. 799, 20 S. W. (2d) 888, for personal injuries, was commenced against the coal company, Hauser, Maritz, Bernard and Bessie Susman. At the close of plaintiff's evidence the cause was dismissed as to Bernard Susman and Hauser. The jury found in favor of plaintiff and against the coal company for $20,000, and found for Maritz and Bessie Susman. The coal company appealed. Error was assigned on an instruction given at the request of Bessie Susman. In ruling the assignment the court said (20 S. W. (2d) l. c. 894) :

"In ruling the demurrer we held the direction of Mrs. Susman to the driver not to dump the coal on the lawn was no evidence of an intention to change the contract for a delivery in the basement. Defendant company challenges an instruction given at the request of Mrs. Susman, for the reason the instruction amounted to a directed verdict against the company in so far as its defense that Mrs. Susman changed the contract by directing the driver not to dump the coal on the lawn. The instruction directed a verdict for defendant Bessie Susman if the jury found that she ordered the coal from defendant company to be delivered in her basement, then until the coal was so delivered she had no supervision or control over the same. If erroneous, the defendant company cannot avail itself of the error, for the instruction defines the rights of a codefendant," citing the Clark, O'Rourke, and Beave cases, supra, and Wiggin v. St. Louis (Div. 1), 135 Mo. 558, 37 S. W. 528.

Story v. People's Motorbus Company (Div. 2), 327 Mo. 719, 37 S. W. (2d) 898, was an action for personal injuries and was brought against the People's Motorbus Company and the National Refining Company. The jury returned a verdict for plaintiff against the bus company for $18,500, but found for the refining company. The bus company appealed and among the assignments was a complaint on four instructions given on behalf of the refining company. Of this complaint the court said (37 S. W. (2d) l. c. 901) : "Even though the instructions (for the refining company) were incorrect, its code-

fendant may not complain where the instructions *do not affect such codefendant as to its defenses*" (italics ours).

Barr v. Nafziger Baking Company and Horton (Div. 1), 328 Mo. 423, 41 S. W. (2d) 559, was an action for damages for personal injuries. The jury returned a verdict for $15,000 against both defendants and both appealed. One of Horton's assignments was based on an instruction given at the request of the baking company. In ruling the point the court said (41 S. W. (2d) l. c. 563): "It is well settled that a defendant will not be heard to complain of an instruction on the ground that it is too favorable to its codefendant, or that it prevented a joint verdict against both (citing cases). This is on the theory that the plaintiff is the only one prejudiced by error which allows one of the defendants to escape its liability to plaintiff. Also, as was said in State ex rel. v. Ellison (banc), 260 Mo. 129, l. c. 139, 168 S. W. 744, 746: 'It is elementary law . . . that an injured party may sue any or all wrongdoers contributing thereto, and, in so far as he is concerned, it is wholly immaterial what the rights of the wrongdoers are, as between themselves.' "

Then, in the Barr case, the court said (41 S. W. (2d) l. c. 563): "However, this court has very recently held that a defendant can complain of instructions given at the request of a codefendant which affect the question of his liability to plaintiff," citing the Story case, supra.

Gabelman v. Bolt et al. (Div. 2), 336 Mo. 539, 80 S. W. (2d) 171, was an action to recover for personal injuries. The cause was commenced against Bolt, Sinclair Oil Company, and Bonner. The oil company was dismissed. At the close of plaintiff's case, Bonner's demurrer to the evidence was sustained. The jury returned a verdict against Bolt for $8888.88. On motion for new trial a *remittitur* of $3888.88 was made and judgment entered for $5,000. Bolt appealed to the Kansas City Court of Appeals. The judgment was reversed and cause remanded (68 S. W. (2d) 909), but certified to the Supreme Court. Bolt assigned error on the peremptory direction to find for Bonner. In ruling the assignment the court said (80 S. W. (2d) l. c. 172):

"Appellant assigned as error the action of the trial court in directing a verdict for Bonner. Appellant concedes the law to be that, ordinarily, a defendant in a tort case cannot complain of error committed during the trial in favor of a codefendant. It is contended, however, that under the circumstances in this case appellant was prejudiced by the action of the trial court. Appellant's position is that the trial court did not in fact give the peremptory instruction at the close of plaintiff's case, but only informed the jury that such an instruction would be given at the close of all the evidence, and that the instruction was in fact not given until the case was closed. It is also argued that since it was an admitted fact in the case that

plaintiff was an innocent victim of the accident and one or the other of the defendants was guilty of negligence, the effect of the court's direction was to tell the jury that Bonner was not the negligent party and that appellant's negligence was the cause of the wreck. The Court of Appeals agreed with appellant that the peremptory instruction was not given until at the close of the case. It is undisputed that the evidence of defendant Bolt made a case for the jury as against Bonner. In substance, it consisted of evidence which tended to show that appellant reached the intersection when Bonner was at the stop sign and that Bonner was traveling at a rate of speed of about 25 or 30 miles per hour and negligently ran into appellant's car. [See 68 S. W. (2d) 909, l. c. 914 (2).] Therefore, had the court informed the jury, at the close of all the evidence, that there was no evidence offered against Bonner, such action would have been error, and under the circumstances of the case the error would have been prejudicial to the codefendant, appellant here, because his main defense was that the negligence of Bonner was the sole cause of plaintiff's injuries. Such a rule of law is based on right and justice and is supported by good authority. [See Story v. People's Motorbus Co. of St. Louis, 327 Mo. 719, 37 S. W. (2d) 898, l. c. 901 (9, 11); Barr v. Nafziger Baking Co., 328 Mo. 423, 41 S. W. (2d) 559, l. c. 563, 564 (9).]''

Grimes v. Red Line Service, Inc. et al. (Div. 1), 337 Mo. 743, 85 S. W. (2d) 767, was for damages for personal injuries and was against the service company and Baldwin. The verdict was against the service company for $10,000, but in favor of Baldwin. The service company appealed, and contended that error was committed against it by an instruction given for Baldwin. The instruction concluded (85 S. W. (2d) l. c. 770): ''If, therefore, you find the evidence touching the charge of negligence against the defendant, Myrtle Baldwin, to be evenly balanced, or the truth as to the charge of negligence against the defendant, Myrtle Baldwin, *remains in doubt in your minds* after fairly considering the evidence, your verdict must be for the defendant, Myrtle Baldwin.''

It was held that the instruction was erroneous as to plaintiff, and then the court proceeded as follows (85 S. W. (2d) l. c. 770): ''Was the instruction calculated to affect the question of liability of the bus company to plaintiff? That question may be easily determined by comparing the instruction in question with one given at the request of the bus company. Instruction XI-B, given at the request of the bus company reads as follows: 'The court instructs the jury that, independent of any other issue in the case, if you find and believe from all the evidence that the collision between the motorbus and the automobile of the defendant, Myrtle Baldwin, mentioned in the evidence, was solely caused by the negligence of defendant, Myrtle Baldwin, then the plaintiff cannot recover against the defendant, Red

976

Line Service, Incorporated, and your verdict must be for that defendant.' Under this instruction the defendant bus company could acquit itself by proving to the satisfaction of the jury by a preponderance of the evidence that the collision was caused by the sole negligence of defendant Myrtle Baldwin, but under defendant Myrtle Baldwin's burden of proof instruction, the bus company would have to prove such fact *beyond a doubt*. The defendant bus company had a lawful right to acquit itself by showing to the satisfaction of the jury by a preponderance of the evidence that the collision was due to the sole negligence of defendant Myrtle Baldwin. The bus company was robbed of that right by the instruction which required the negligence of defendant Myrtle Baldwin to be established *beyond a doubt*. At least the instruction was calculated to produce that result. As the instruction was calculated to affect substantial rights of defendant bus company, that company may complain of the instruction, although it was given at the request of its codefendant, Myrtle Baldwin'' (italics in opinion).

It will be observed that the situation in the Nevins case is quite like that in the Gabelman case, hence the Court of Appeals certainly did not go counter to the *latest decisions* of this court on the point. The only question is whether these *latest decisions* are controlling. They are all in division, while the Clark case, and State ex rel. v. Ellison, supra, were en banc, and subsequent contra opinions in division do not overrule banc opinions. [State ex rel. United Railways Co. v. Reynolds, 278 Mo. 554, 213 S. W. 782; State ex rel. Vogt v. Reynolds, 295 Mo. 375, 244 S. W. 929; State ex rel. Hussman Refrigerator & Sup. Co. v. City of St. Louis et al., 319 Mo. 497, 5 S. W. (2d) 1080.]

It will be observed, by reference to the opinion, that the court, in the Clark case, held (234 Mo. l. c. 424) that the instruction in question was *not* prejudicial to the complaining codefendant. If it was not *prejudicial*, then there was no occasion to rule the question as to the right of a codefendant to complain. Hence the broad language used in the Clark case and quoted, supra, was dictum And an instruction was not involved in State ex rel. v. Ellison, supra.

The writ of certiorari was improvidently issued and should be quashed, and it is so ordered. *Hyde* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.