GUY A. THOMPSON, RESPONDENT, v. CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY, APPELLANT.*

Kansas City Court of Appeals. April 2, 1928.

------

*Corpus Juris-Cyc References: Appeal and Error, 3CJ, section 891, p. 981, n. 74; Evidence, 22CJ, section 738, p. 644, n. 79; section 825, p. 736, n. 40.

*A. G. Knight* for respondent.

*Luther Burns, Conrad & Durham, Hale Houts* and *S. L. Smithson* for appellant.

BLAND, J.—This is an action for damages to two carloads of cattle shipped by plaintiff on September 23, 1923, from Spickard, Missouri, to Chicago, Illinois, over defendant's line of railroad. There

was a verdict and judgment for plaintiff in the sum of $425 and defendant has appealed.

The facts show that the shipment consisted of forty head of fat cattle. It was intended that the cattle be sold upon the Chicago market on the Monday morning following the shipment. While the cattle reached Chicago in time for the Monday morning market, they were not sold until the following Wednesday. The testimony shows that between Spickard and Silvus, Illinois, there were two unusually severe jerks of the train, one of which threw a witness to the floor of the caboose from a standing position near the door. On arrival of the shipment at Chicago, it was found that there was a crippled steer in each of the two cars and that the other cattle in the cars were cramped, sore, stiff and stale. The two crippled steers were sold for $65 and $75 respectively, and the remaining cattle were placed in pens. No bids for the cattle could be obtained on Monday as they were bruised and in a stale condition, so it was necessary to hold them over until Wednesday morning market in order to put them in a marketable condition. There was evidence that the market declined on Tuesday and Wednesday and there was evidence tending to show that the cattle suffered a shrinkage by reason of having been held over.

The petition alleged that the train was "unnecessarily and carelessly and negligently jammed, jolted, and so roughly handled as to" injure the cattle, etc., and it asks for damages to the two crippled steers, on account of the decline in the market by reason of the cattle being held over, for extra shrinkage on account of the rough handling of the stock, and extra feed for the cattle while they were being held and conditioned for the market. The answer pleads that the injury to the livestock, if any, was caused by the "inherent qualities, vices and propensities of such animals." There was evidence on the part of the defendant tending to show that there was no rough handling of the train or the cattle.

Defendant introduced expert testimony bearing upon the question of shrinkage and upon the question of the salability of the cattle by reason of being in a stale condition. This testimony tended to refute plaintiff's claim for damages on account of these matters. At the instance of plaintiff the court gave his instruction No. 4 cautioning the jury in reference to expert testimony. This instruction told the jury, among other things, that they "were not bound by expert testimony, but it may be considered by you in connection with the other evidence in the case." It is admitted by plaintiff that the giving of this instruction was error. [See Spencer v. Railroad, 297 S. W. 353; High v. Railroad, 300 S. W. 1102.] However, it is claimed by plaintiff in his brief that the motion for a new trial was not sufficiently definite to preserve the question of error in the giving of the instruc-

tion. The motion for a new trial recites "the court committed error in giving instructions and each of them given by the court on behalf of the plaintiff over the objections and exceptions of the defendant." In oral argument counsel for plaintiff admitted that this was sufficient to preserve the matter and there is no question but that it was. [See State ex rel. v. Reynolds, 278 Mo. 554; Bobas v. Krey Packing Co., 296 S. W. 157, 159.] Under the circumstances the judgment must be reversed and the cause remanded.

As the case no doubt will be retried, it is necessary to pass upon another assignment of error made by the defendant, that is, in reference to the testimony of plaintiff's expert witness, Burnett, a livestock salesman at the Chicago yards, who saw the cattle after they were unloaded from the cars. This witness testified to the effect that he examined the cattle after they were unloaded in Chicago and that from their appearance he was of the opinion that their injuries were caused by rough handling and not by the inherent vicious propensities of the animals.

We think a jury would be greatly aided in reaching a decision by expert testimony upon the subject as to whether the injuries were such as to indicate that they were received by rough handling or through the inherent vice of the animals. Ordinarily it would be difficult for a jury to arrive at a conclusion as to whether the injuries were of a sufficiently aggravated and general nature to show rough handling. The facts would be more or less incapable of minute description and the jury would be greatly aided by the testimony of experts who had constantly and for many years handled cattle, as those in controversy, and had seen the effect of shipping such animals by railroad. We think the testimony was competent. [Jerome v. United Rys. Co., 155 Mo. App. 202; State v. Ivy, 192 S. W. 737; State v. Nieuhaus, 217 Mo. 332; State v. Ward, 61 Vt. 153.] There is no merit in the contention that it is wholly unreasonable to suppose that one could say from the mere appearance of the animals that they received their injuries from rough handling rather than from their inherent vice. [Morrow and France v. Railway, 219 Mo. App. 62.]

The judgment is reversed and the cause remanded. *Arnold, J.,* concurs; *Trimble, P J.,* absent.