KATIE REESE v. CITY OF ST. LOUIS, Appellant, and SOUTHWESTERN TELEGRAPH & TELEPHONE COMPANY.

**Division Two, December 4, 1919.**

1. **RES ADJUDICATA: Demurrer to Evidence: No Appeal.** Upon a demurrer to the evidence, given at the conclusion of the trial in behalf of one of the defendants, unappealed from by plaintiff, the litigation as to such defendant becomes *res adjudicata* and the action ends as to it.

2. **ACTION AGAINST CITY: Notice to Mayor: Exact Date of Accident.** The statute precluding the bringing of an action against a city of one hundred thousand population, for personal injuries growing out of a defect in a street, unless a notice in writing shall have been given to the mayor within ninety days after said injury was received, "stating the place where, the time when such injury was received and the character and circumstances of said injury," requires that the precise time of the accident causing the injury be set forth in the notice; and a notice which states that the accident occurred "on or about the 27th day of March 1914," is not a compliance with the statute, and a failure to give a proper notice is a complete bar to the action for damages.

Appeal from St. Louis City Circuit Court.— *Hon. Kent K. Koerner,* Judge.

REVERSED.

*Charles H. Daues* and *Everett Paul Griffin* for appellant.

(1) The main instruction is too broad and is misleading under the issues and the notice served on the city. It fails to embody an essential element of plaintiff's case, the question whether a valid notice was served on the city. Walker v. White, 192 Mo. App. 13; Burrows v. Likes, 180 Mo. App. 447; Craton v. Huntzinger, 163 Mo. App. 718; Hackenyos v. City, 203 S. W. 986; State ex rel. v. Ellison, 272 Mo. 583; State ex rel. v. Ellison, 270 Mo. 645.

*Robert C. Grier, Edward H. Mitchell* and *Thomas P. Moore* for respondent.

(1) The construction of the written notice served on the mayor of the city and the determination of its legal force is a question of law for the court and not of fact for the jury. (2) The term, ''on or about,'' coupled with March 27, 1914, could refer to March 27, 1914, alone, and as the accident actually happened on March 27, 1914, this was a sufficient statement in the formal notice served on the mayor as to the time of the happening of the accident to comply with Laws 1913, p. 545. The ''on or about'' is mere surplusage. Hackenyos v. City, 203 S. W. 986.

*Jeffries & Corum* for Southwestern Telegraph & Telephone Company; *D. A. Frank* of Counsel.

MOZLEY, C.—The plaintiff brought this action originally against the City of St. Louis, to recover damages on acount of the death of her husband, David M. Reese, alleged to have been caused by the negligence of said city. On the 31st day of August, 1914, the plaintiff amended her petition by making the Southwestern Telegraph & Telephone Company a party defendant. The petition upon which the suit was tried alleged that plaintiff was the wife of deceased up to his death; al-

leged the corporate character of both defendants and a number of other facts by way of inducement. It then proceeds as follows: "That on said date [March 27, 1914] deceased was lawfully driving along Washington Avenue in the exercise of ordinary care for his own safety, and said wagon run into a hole alleged to exist on said Washington Avenue, and in consequence of the jolt or shock, caused by said wagon running into said hole, deceased was thrown from it upon the street and run over, and thereby sustained injuries from which he subsequently died," and that the occasion of running his wagon into said alleged hole and the death consequent thereto, were caused in these respects: "First, that the defendant Southwestern Telegraph & Telephone Company, under the supervision of the defendant City of St. Louis, carelessly and negligently filled an excavation theretofore made by it so as to leave the said hole in said street, whereby was occasioned the fall of David M. Reese, and his death consequent thereto; second, that defendants, although on said day, they knew, or in exercise of ordinary care would have known, the dangerous condition of said street, and the existence of said hole therein, carelessly and negligently failed then, or at any other time, to fill said hole so as to render said street safe for persons using the same, whereby was occasioned the fall of the said David M. Reese, and his death consequent thereto; third, that the defendants, although on said day, they knew, or in the exercise of reasonable care, would have known the dangerous condition of said street, and the existence of said hole thereon, carelessly and negligently failed then, or at any other time, to place any guard or protection around said hole, so as to prevent persons using said street to be harmed by said hole, whereby was occasioned the fall of said David M. Reese and his death consequent thereto."

To this petition each defendant filed a separate answer, consisting of a general denial and a plea of contributory negligence upon the part of deceased. To

each of these answers the plaintiff replied with a general denial of the new matter set up in the answer.

The hole referred to in the petition, according to the testimony, was a "saucer like" depression in the pavement, which from north to south measured 6 feet, and from east to west 5 feet and 10 inches, and 3¼ inches deep in the center. Deceased at the time of his injury was driving a "Jumbo" transfer wagon at the place of said depression, and while his attention was diverted to one Bremer, who had boarded the wagon from the rear, in conversation and in trying to make room for him in a seat designed only for one man to ride in, which was a violation of the rules of the transfer company, he drove his wagon into said saucer-like depression, fell from it, and was run over and killed. Bremer escaped with his life, but was quite severly injured. Both deceased and Bremer were under the influence of intoxicating liquor.; Reese had a quart and a pint of whisky in the seat on which he was riding, which showed they had been subjected to liberal use. Bremer had a bottle of whisky in his pocket and had before getting on the wagon drunk a large quantity of beer. At the hospital the fumes of liquor were so strong on both of these parties that physicians administering to their necessities testified that they were under its influence. The whisky deceased had on the seat in which he was riding, unsupported and with a serenity worthy of a better cause, withstood the drive over said depression and was taken therefrom without breaking a bottle or spilling a drop. At the conclusion of the trial the court gave a demurrer to the evidence as to the Southwestern Telegraph & Telephone Company, and overruled the demurrer asked by the city and submitted the cause to the jury as to it, which resulted in a verdict of $10,000 in favor of plaintiff. No appeal was taken by plaintiff from the action of the court in giving the demurrer in favor of the Telephone Company. The city, after failing to get a new trial upon proper motions filed, has appealed in due form to this court.

I. The demurrer given by the court at the close of the trial in favor the Southwestern Telegraph & Telephone Company, unappealed from by the plaintiff, became *res adjudicata* and marked the end of the litigation so far as it was concerned. If the plaintiff was satisfied with the demurrer being given we fail to discover any reason for complaint elsewhere. It results that the Southwestern Telegraph & Telephone Company has no business in connection with this case in this court and no further attention will be paid to it.

**Res Adjudicata.**

II. Can plaintiff recover against the City of St. Louis? We think not, for the reason that she has not complied with the condition precedent prescribed by the statute which must be complied with strictly before suit is brought. The Laws of Missouri, Acts 1913, page 545, Section 1, reads as follows:

**Notice of Suit.**

"No action shall be maintained against any city of this State which now has or may hereafter attain a population of one hundred thousand inhabitants, on account of any injuries growing out of any defect in the condition of any bridge, boulevard, street, sidewalk or thoroughfare in said city, until notice shall first have been given in writing to the mayor of said city, within ninety days of the occurrence for which such damage is claimed, stating the place where, the time when such injury was received, and the character and circumstances of the injury, and that the person so injured will claim damages therefor from such city."

Plaintiff gave notice of intention to sue under Section 8863, Revised Statutes 1909, which is, with a few minor changes unimportant here, the same as the statute above quoted. The vital question is, has the plaintiff given a notice of intention to sue that squares with the requirements of said statute? We think not. The notice reads as follows:

"St. Louis, Missouri, May 8, 1914.

"To the Mayor of the City of St. Louis,

City Hall, St. Louis, Mo.

"Sir: You are hereby notified in accordance with Section 8863 of the Revised Statutes of Missouri, 1909, that the undersigned, Katy Reese, will make claim for damages against the City of St. Louis on account of the death of her husband, David M. Reese, caused by said David M. Reese being thrown from a wagon upon which he was riding, run over and fatally injured, when one wheel of said wagon ran into a hole in the paving on Washington Avenue, at a point opposite or near No. 210 Washington Avenue, north of City Block 65 in the City of St. Louis, State of Missouri, on or about the 27th day of March, 1914.

"KATY REESE.

City of St. Louis } ss
"State of Missouri, }

"I, Katy Reese, being duly sworn upon my oath, state that the facts concerning the death of my husband, David M. Reese, as set forth in above notice, are true, to the best of my knowledge and belief.

"KATY REESE.

"Subscribed and sworn to before me this the 8th day of May, 1914.

"My commission expires February 21, 1916.

"E. H. MITCHELL,

"(Seal)                              Notary Public.

"Service of above notice acknowledged this 13th day of May, 1914.

"HENRY W. KIEL, Mayor of the City of St. Louis."

It will be observed from the above notice that the injury sued for is said to have happened "on or about the 27th day of March, 1914." The statutes above referred to are mandatory as to the place where and the time when the accident occurred, and the place where and the time when it occurred must be stated with exactness. The purpose of the statute is manifest. Its design is to protect large cities from the assertion of

stale, fraudulent or fictitious claims for damages by giving such cities opportunity to make an early investigation of the facts and it is plain that the purpose of the statute would be wholy thwarted were it not mandatory as to the requirements of the notice of intention to sue. Our Court in Banc has recently passed upon the precise question in the instant case, in the case of Hackenyos v. City of St. Louis, 203 S. W. 986. There the notice to the mayor of intention to sue for damages, in describing when the accident happened, employed the words "on or about" a certain date. In the case in hand the notice states the accident happened "on or about the 27th day of March, 1914." Thus the case in hand and the case cited are on all-fours. The court held, after a very full consideration of the question, that a notice stating "on or about" was not a compliance with a statute requiring as a condition precedent to bringing the action, that the precise time of the accident must be set forth therein, and affirmed the lower court in giving judgment of nonsuit against plaintiff. Under the ruling of this case, which we are quite sure is correct, we hold in the instant case that the notice of intention to sue was not a compliance with the mandatory provisions of the statute and accordingly reverse the judgment.

*White, C.,* concurs; *Railey, C.,* not sitting.

PER CURIAM:—The foregoing opinion of MOZLEY, C., is hereby adopted as the opinion of the court. All of the judges concur.