NATALIE NEVENS, RESPONDENT v. JACK SOLOMON AND SAM FINN, DEFENDANTS; JACK SOLOMON, APPELLANT.—139 S. W. (2d) 1109.

St. Louis Court of Appeals. Opinion filed May 7, 1940.

Writ of Certiorari granted July 2, 1940.

Writ of Certiorari quashed March 13, 1941.

Relator's Motion for Rehearing Overruled by Supreme Court April 18, 1941.

968

*Alvin A. Wolff* for respondent.

*Moser, Marsalek & Dearing* for appellant.

HUGHES, P. J.—This is an action for damages from injuries sustained by plaintiff on July 7, 1936, when she was riding in an automobile operated by Jack Solomon, appellant, which collided with an automobile operated by Sam Finn as a service car. The action was begun against Jack Solomon, Great Eastern Oil Company, United Service Car Company, Sam Finn and Goldy Finn, but went to trial against Jack Solomon and Sam Finn, having been dismissed as to the other defendants.

According to the evidence of plaintiff and Solomon, as the automobile in which they were riding was traveling eastwardly on Lindell Boulevard and approaching Lake Avenue, in the City of St. Louis, the service car operated by Finn passed it on the left and then suddenly turned to the right and cut in front of Solomon's automobile. Solomon's automobile was moving between 25 and 30 miles an hour

and about the middle of the south half of Lindell Boulevard when it was passed by Finn's service car, which at that time was being driven at a speed of between 35 and 40 miles an hour. The evidence of plaintiff and Solomon further was to the effect that after Finn's car passed Solomon's car it turned sharply to the right and was brought to an abrupt stop at the curb; that when it stopped it was not parallel with the south curb of Lindell Boulevard, but was standing at an angle the rear of the service car being farther from the curb than its front. No warning was given by Finn of his intention to stop. Solomon testified that in suddenly turning in front of him, Finn's automobile missed him by just a few feet and as soon as he saw the service car in the act of stopping he immediately applied his brakes but before he could bring his automobile to a stop the right front end of it struck the left rear corner of the service car. Plaintiff's testimony was to the effect that after the service car cut in front of the Solomon automobile and when it came to a sudden stop, Solomon was trying to wrap a bathing suit, which was lying on the front seat, with one hand, and from her testimony it could be inferred that Solomon, because his attention was fixed on the bathing suit, did not seasonably notice the sudden stop of the service car. Finn's testimony was to the effect that he had not passed the Solomon automobile and that he stopped at the place of the collision to discharge a passenger and in so driving and stopping he did not cut in front of any automobile or do anything else unusual.

At the close of all the evidence instructions in the nature of demurrers were offered by both Solomon and Finn; the one offered by Solomon was refused and the one offered by Finn was given. The jury returned a verdict in favor of plaintiff for $7500 against Solomon, and in accordance with the court's peremptory instruction, the verdict was in favor of Finn.

In the collision plaintiff was thrown forward against the windshield and other parts of the automobile and was injured.

The peremptory instruction offered by Finn at the close of all the evidence, and given by the court, and read to the jury, is as follows:

"At the close of the whole case the court instructs the jury that under the law and the evidence you must find for the defendant, Sam Finn, and against the plaintiff, Natalie Nevins."

Appellant Solomon's contention is that this instruction is conflicting and irreconcilable with Instruction Number 4 given by the court at his request, and was prejudicial to him. Said Instruction Number 4 is what has been termed a "sole cause" instruction, and is to the effect, that if the jury believe that Finn turned his automobile into the path of the automobile of defendant Solomon, and stopped the same when the automobile of defendant Solomon was so close that a collision was likely to occur and that such act was negligent and was the sole cause of the collision, and that Solomon was not guilty of any

negligence causing or contributing to cause the collision, that the verdict must be in favor of defendant Solomon.

Other facts necessary to a decision will be referred to in the course of the opinion.

The case as presented is one which might properly be termed a triangular dispute among the parties in that there is little or no evidence to defeat plaintiff's cause of action, each defendant seeking only to exonerate himself from blame, and thereby to cast the whole blame on his codefendant. And the determination of the appeal hinges entirely about Finn's peremptory instruction and Solomon's sole cause instruction. When these two instructions are read and considered together, as all exponents of the law agree they must be, that they are inconsistent and contradictory is beyond question. We have the anomalous situation of the court telling the jury, in effect, that if the collision was solely caused by Finn's negligence they must find in favor of Solomon, but that Finn was not negligent. Therefore, one of two conclusions is inescapable, either Finn was not entitled to his peremptory instruction or Solomon was not entitled to his sole cause instruction, the one is diametrically opposed to the other. Was Finn entitled to the peremptory instruction?

The testimony of both plaintiff and Solomon was to the effect that Finn's car passed Solomon's car on the left and then suddenly turned to the right and cut in front of Solomon's automobile and was then, according to Solomon, only 8 feet ahead of his automobile, and then according to both plaintiff and Solomon, Finn's car turned sharply to the right and was, without signal or warning, brought to an abrupt stop at the curb with the rear being further from the curb than the front; and Solomon says that as soon as he saw the service car in the act of stopping he immediately applied the brakes to his automobile and attempted to swerve his automobile and thus avoid a collision but was unable to do so. Although this testimony was contradicted by Finn's testimony, it was clearly a question for the jury. It is the function of the court to pass on the law and of the jury to pass on the facts. The court can only allow an instruction in the nature of a demurrer to the evidence when the proof is so lacking in probative force or value that it may be said as a matter of law that there is no substantial competent evidence to sustain plaintiff's case. The evidence as a whole must be viewed in a light most favorable to the plaintiff and the testimony taken as true though contradicted by the defendant. [Marshack v. William J. Brennan Gro. Co., 83 S. W. (2d) 185; Gilliland v. Bondurant, 332 Mo. 88, 59 S. W. (2d) 679.] Therefore, from the facts in this case defendant Finn was not entitled to the peremptory instruction. As to whether defendant Solomon can be heard to complain is another question which we will advert to later.

By the same token, if that evidence is to be believed by the jury, defendant Solomon was entitled to a sole cause instruction such as Number 4. Likewise, if the case had gone to the jury as against both defendants, as we think it should have, Finn would have also been entitled to a sole cause instruction based on his evidence attempting to cast the full blame on Solomon.

But respondent further contends that Instruction Number 4 given for the defendant Solomon was erroneous because it was based on an alleged act of negligence not pleaded, and cites in support thereof Watts v. Moussette, 85 S. W. (2d) 487, and other cases. But that case and the other cases cited do not apply to the situation in this case. If this case had been against defendant Finn alone, the plaintiff having alleged nine acts of negligence, seven of which were specific and two general, it might well be argued that both the evidence and the instructions should be limited to the specified negligence. But this case is against two defendants, and for aught that appears the specific negligence was intended to apply to one defendant and the general negligence to the other; and we are inclined to agree with respondent's written argument wherein is taken up *seriatim* the nine allegations of negligence, and it is pointed out that seven of them, under the facts in the case, could not have been leveled at defendant Finn. By the same process of reasoning the remaining two grounds of negligence must have been leveled against defendant Finn, and they are, (2) the failure of defendants to operate and drive their motor vehicles in a careful and prudent manner so as not to endanger the life and limb of the plaintiff, and (7) failure to operate a motor vehicle while in the exercise of the highest degree of care. And even though these allegations are general, they being the only two allegations as to defendant Finn's negligence they are sufficient in the absence of a timely motion to make more definite and certain. It is the settled law in this State that general allegations, unless attacked prior to trial, are good. [Kramer v. Power & Light Co., 311 Mo. 369, 279 S. W. 43.]

The question of major importance in this appeal is whether defendant Solomon has the right to complain of the action of the court in giving a peremptory instruction in favor of the codefendant Finn. The question has been carefully briefed and ably presented by the respective counsel. It is the settled law of our State that an appellant will not be heard on an alleged conflict with his own instructions which never should have been given. [Harbaugh v. Ford Roofing Co., 281 S. W. 686.] However, that is not this case; the complaint here is of a contradictory instruction given on request of a codefendant. It is equally well settled, and not controverted by either party in this case, that ordinarily one defendant will not be heard to complain of error committed in favor of a codefendant. But that rule, however rigidly adhered to as between plaintiff and

one of the defendants, is subject to the limitation that such error not be prejudicial to the rights of the other defendant. In other words a plaintiff cannot be permitted to hold a judgment which is the result of a prejudicial error as between the two defendants. Stated in another way, the rule is that an error in favor of one defendant must not be such as to prejudice the other defendant's case before the jury, otherwise the plaintiff though not having invited the error has secured an unfair advantage over one of the defendants, and the judgment cannot stand. And also, the error should not be such as to wrongfully take away from one defendant his right of contribution if the judgment would, except for the error, be against both defendants. This judgment if permitted to stand would be *res adjudicata* in favor of defendant Finn in an action for contribution by defendant Solomon. [Reese v. City of St. Louis, 280 Mo. 123, 216 S. W. 315.] In the case of Neal v. Curtis & Co. Mfg. Co., 41 S. W. (2d) 543, it was said:

"Due regard must be had as to the rights of the defendants as well as the plaintiff, and while plaintiff has the right to sue one or more of the wrongdoers, as he chooses, yet, if he does sue and obtain judgment against more than one, he is entitled to but one satisfaction and by Statute, Section 3268, Rev. St. 1929, where judgment is rendered against joint tort-feasor, such judgment defendants are subject to contribution as among themselves. [Kinloch Telephone Co. v. St. Louis, 268 Mo. 485, 188 S. W. 182, and cases cited.]"

What we have said does not conflict with the case of McCamley v. Union Electric Light & Power Co., 85 S. W. (2d) 200. We take it from a careful reading of that case that the court, of which the writer was not then a member, came to the conclusion that the demurrer was properly sustained as to one of the defendants, which would not be prejudicial error, and which presents an entirely different aspect from the present case where it is clear that the demurrer should not have been given.

But in any event the Supreme Court has definitely announced the rule to be that although a defendant will not generally be heard to complain of an instruction on the ground that it is too favorable to his codefendant, or that it prevented a joint verdict against both, but a defendant can complain of an instruction given at the request of a codefendant which affects the question of his liability to plaintiff. [Barr v. Nafziger Baking Co., 41 S. W. (2d) 559; Story v. Peoples Motorbus Co., 37 S. W. (2d) 898.]

And later in the case of Gabelman v. Bolt (Mo.), 80 S. W. (2d) 171, wherein there were two defendants and the court announced at the close of plaintiff's evidence that a demurrer would be sustained as to one defendant, and the demurrer was actually read to the jury at the close of all the evidence and with the other instructions, but was worded, *"At the close of plaintiff's case,"* accord-

974

ing to the law and the evidence, your verdict should be for the defendant Frank Bonner," the court held it was not prejudicial to the remaining defendant for the reason it was based on plaintiff's evidence alone which disclosed no liability on the defendant whose demurrer was sustained and affected the case at that stage; but the court said:

"Therefore, had the court informed the jury, at the close of all the evidence, that there was no evidence offered against Bonner, such action would have been error, and under the circumstances of the case, the error would have been prejudicial to the codefendant, appellant here, because his main defense was that the negligence of Bonner was the sole cause of plaintiff's injuries."

And the court, in support of that statement of the law, cited the cases of Barr v. Nafziger Baking Co., *supra,* and Story. v. Peoples Motorbus Co. of St. Louis, *supra.* None of which cases were before this court in the McCamley case.

It is conceded by respondent here that the case of Babelman v. Bolt, *supra,* seems to be favorable to appellant's position, but he claims that the portion cited above is at most mere *dicta.* We cannot agree that it is *dicta.* The very question before the Supreme Court was the effect on the codefendant of the peremptory instruction and whether it had been given at the close of plaintiff's case or at the close of the whole case. But if it be conceded to be *dicta,* it was certainly judicial *dictum* as distinguished from mere *obiter dictum,* and being solidly based on other decisions of the Supreme Court is to be taken as authority.

Inasmuch as we find that there was prejudicial error as to defendant Solomon in the instructions, and that there must be a new trial, it is not necessary to consider the contention of defendant Solomon that the judgment is excessive.

For the reasons herein assigned the judgment should be reversed and the cause remainded for a new trial. It is so ordered. *McCullen, J.,* concurs; *Becker, J.,* absent.