238 S.W.2d 350 (1951)
SCHNEIDER
v.
ST. LOUIS PUBLIC SERVICE CO. et al.
No. 42198.
Supreme Court of Missouri, Division No. 1.
April 9, 1951.
*351 Berthold, Jones & Bialson, St. Louis, for appellant.
Thompson, Mitchell, Thompson & Douglas, and Edmonstone F. Thompson, all of St. Louis, for respondent, St. Louis Public Service Co.
George A. Hodgman and William J. McCluggage, St. Louis, for respondents Interstate Motor Freight System and Marino Spicuzza.
HOLLINGSWORTH, Judge.
In the Circuit Court of the City of St. Louis, plaintiff (appellant) obtained judgment for personal injuries in the sum of $18,000 against the three defendants (respondents) in this case. The trial court sustained individual motions for new trial filed by defendants Interstate Motor Freight System and Marino Spicuzza on the ground of error in instructions numbered 5 and 10, given at the request of plaintiff; and also sustained a separate motion for new trial filed by defendant St. Louis Public Service Company on the ground of error in said instruction numbered 10. From that order, plaintiff appealed.
*352 Plaintiff, a passenger on a motorbus operated by defendant St. Louis Public Service Company (hereinafter referred to as "the bus company"), was injured in a collision between the bus in which she was riding and a tractor owned by defendant Spicuzza and leased by him to defendant Interstate Motor Freight System (hereinafter referred to as "Interstate"), and operated by Harold Wichman. The collision occurred at 7:00 p. m., on January 1, 1949, at the intersection of Thirteenth and Benton Streets in the City of St. Louis.
Thirteenth Street extends north and south, Benton Street east and west. Thirteenth Street is 36 feet in width between its curbings, Benton 30 feet. The bus was proceeding southward, the tractor westward. Thirteenth Street was a through street. There was a stop sign for westbound traffic on the north side of Benton Street and fifteen feet east of Thirteenth Street. The tractor struck the bus on the left side, several feet back of the front end. When the bus was struck, it swerved to the right, jumped the curbing and crashed into a building near the southwest corner of the intersection. Further evidence will be stated in the course of our discussion.
The case against the bus company was submitted on two grounds of primary negligence: (1) operation of the motorbus southwardly on Thirteenth Street at a rate of speed that was high, dangerous and excessive under the facts and circumstances then and there existing; and (2) failure of the operator of the motorbus to maintain a vigilant watch for vehicles traveling on Benton Street.
The case against Interstate and Spicuzza was submitted on two grounds of primary negligence and under the humanitarian doctrine. The instructions on primary negligence as to these defendants were: (1) failure of the operator of the tractor to have it under such control that it could be readily stopped upon first appearance of danger; and (2) failure of the operator of the tractor to keep a lookout ahead and laterally for traffic on Thirteenth Street. Error in the giving of the instruction under the humanitarian doctrine (No. 5) was one of the grounds upon which the trial court granted a new trial to these defendants.
At the request of the defendant bus company, instructions were given exonerating it from liability if the collision was caused by the negligence of the operator of the tractor on the grounds submitted under the instructions given in behalf of plaintiff. Likewise, an instruction was given in behalf of Interstate and Spicuzza exonerating them from liability if the collision was solely caused by the negligence of the bus company on the grounds submitted under the instructions given in behalf of plaintiff.
Instruction No. 10, given at the request of plaintiff, is identical, in substance, with an instruction recently held prejudicially erroneous by this court, en banc, in the case of Rothweiler v. St. Louis Public Service Co., Mo.Sup., 234 S.W.2d 552. After hypothesizing the agency of the operator of the tractor, it reads:
"* * * if you * * * believe and find that the negligence, if any, of the defendants, Marino Spicuzza and Interstate Motor Freight System, a corporation, by its chauffeur, Harold Wichman, no matter how great or how little, and the negligence, if any, of the defendant St. Louis Public Service Company, no matter how great or how little, directly concurred, combined and contributed to cause the collision mentioned in the evidence and the plaintiff to sustain injury, then it would be your duty to return a verdict in favor of the plaintiff and against all of the defendants, because if all of the defendants were negligent in any respect submitted to you in these instructions, and if their negligence directly contributed to cause the collision and injury to plaintiff, then none of the defendants, even if less negligent than the other defendants, could make use of the concurring negligence of such other defendant to defeat the claim of the plaintiff against all defendants.
"In other words, it is no defense to one defendant that the negligence of some *353 other defendant concurred with his negligence to cause the collision and injury to plaintiff, and before you can render a verdict in favor of anyone of the defendants, you must believe and find from the evidence that said defendant was not negligent or that his negligence, if any, did not contribute to cause the collision and plaintiff's injury."
By this instruction, even though the jury may have entertained a doubt of the negligence of the defendant bus company or the defendants Interstate and Spicuzza, it was admonished, nevertheless, that before it could return a verdict in favor of such defendant or defendants it must find from the evidence that such defendant or defendants was or were not negligent. That, of course, is not the law. Rothweiler v. St. Louis Public Service Company, supra.
Plaintiff asserts, however, that this instruction refers only to concurring negligence and that when all the instructions are read and considered together, as they must be, the instruction was not erroneous. She directs our attention to the fact that other instructions given at the request of each defendant directed a verdict in favor of such defendant if the jury found such defendant was not guilty of negligence in the particulars under which the case was submitted in behalf of plaintiff. She then contends that these issues having been resolved in favor of plaintiff, none of the defendants is in a position to assert its or his non-negligence. She cites in support of her contention: Stewart v. Kansas City Public Service Co., Mo.App., 49 S.W.2d 1061; Grasher v. Kansas City Public Service Co., Mo.App., 35 S.W.2d 645, and Kincaid v. Birt, Mo.Sup., 29 S.W.2d 97.
Some of these cases hold that when there has been an adverse finding on an issue submitted at the request of a party he will not be heard to assert the issue was not submissible. Others hold that neither party may complain of error common to the instructions submitted by both. However, in this case, none of the instructions submitting the issue of non-negligence on the part of any defendant dealt with the burden of proof. Nor is any error pointed out in any instruction given in behalf of either defendant on the burden of proof. Each defendant had the right to submit the issue of its or his non-negligence in each and every particular charged without being held to have waived the requirements that plaintiff establish her case by a preponderance of the evidence.
Plaintiff also directs our attention to Instruction No. 14 given in behalf of defendants. It recited that the charge against each defendant was one of negligence; that recovery could not be had unless the negligence was sustained by the greater weight of the evidence; that it did not devolve upon any defendant to disprove the charge, but, rather, the burden of proof was upon plaintiff; and that if the charge of negligence as to each defendant did not preponderate in favor of plaintiff or was evenly balanced then plaintiff was not entitled to recover against such defendant. This instruction, concededly correct, cannot erase the error in Instruction No. 10. At most, these two instructions (Nos. 10 and 14) present an irreconcilable conflict on the burden of proof. For the reasons stated in the Rothweiler case, we hold Instruction No. 10 erroneously prejudicial. In so holding, we again call attention to the other objectionable clauses in the instruction discussed in the Rothweiler case and found also in the instruction in this case.
Instruction No. 5, given at the request of plaintiff, after requiring a finding that the operator of the tractor was the agent of Interstate and Spicuzza, then stated: " * * * and * * * that * * * [he] * * * was operating a tractor of said defendants westwardly on Benton Street and into Thirteenth Street, and * * * that * * * [he] saw, or by the exercise of the highest degree of care could have seen the motorbus of the defendant, St. Louis Public Service Company, traveling southwardly on Thirteenth Street and into Benton Street, in time by the exercise of the highest degree of care and with the means and appliances *354 at hand on said tractor, to have stopped said tractor, or to have changed and diverted the course of same, or to have sounded a timely signal warning of its approach and movement toward said motorbus, and that [he] * * * could thus and thereby have avoided a collision with said motorbus * * * and * * * that [he] * * * failed to stop said tractor, or swerve same, or sound a timely signal warning of its approach, and in so failing, if so, that * * * [he] * * * failed to exercise the highest degree of care and was negligent * * *; and if you believe * * * that the aforesaid negligence * * * [on his part] * * * directly caused or contributed to cause a collision * * *, then plaintiff is entitled to recover of the defendants, Interstate Motor Freight System, * * * and Marino Spicuzza * * *."
The petition pleaded humanitarian negligence on the part of the driver of the tractor. There is no ground of negligence pleaded in the petition warranting submission of the facts hypothesized in this instruction other than that set forth in the plea of humanitarian negligence. The instruction, therefore, is clearly intended as an instruction under that doctrine. It omits two essential elements. First, that the bus was in a position of peril. Banks v. Morris & Co., 302 Mo. 254, 257 S.W. 482; Chenoweth v. McBurney, 359 Mo. 890, 224 S.W.2d 114. Second, that the operator of the tractor could have averted the collision with safety to himself. Spoeneman v. Uhri, 332 Mo. 821, 60 S.W.2d 9.
Plaintiff concedes "it would have been better" if the instruction had required a finding that the tractor operator knew or should have known of the danger of a collision, but contends that it did not amount to misdirection since the evidence was uncontradicted that the operator of the tractor knew of the impending collision from the time he first saw the bus.
The operator of the tractor had no duty, under the humanitarian doctrine, to attempt to avert a collision until he saw or could have seen the bus in a position of peril. He testified that he had stopped a few feet past the stop sign on the right side of Benton Street and then had started up and had emerged six feet into the intersection when he first saw the bus fifteen feet north of the intersection. He further testified that after he entered the intersection and saw the bus, he applied his brakes; that the tractor was going about ten miles per hour and could have been stopped within ten or twelve feet. He estimated the speed of the bus at thirty miles per hour. The bus operator testified, however, that the operator of the tractor did not stop at the stop sign, and that he could see the tractor from a distance of fifty-eight feet north of Benton Street when it was at the stop sign. It may be inferred that if the bus operator could see the tractor between these points, then the operator of the tractor could likewise see the bus. The collision occurred in the southwest corner of the intersection.
Under this evidence, it could be inferred that when he could have first seen the bus (and was then traveling at ten miles per hour and able to stop the tractor within ten or twelve feet), it was not in a position of peril. Just when and at what point it did come into a position of peril and whether he could, with safety to himself, then have averted the collision were jury questions. Therefore, these elements should have been embodied in the instruction. The trial court was warranted in sustaining the motion for new trial of defendants Interstate and Spicuzza on the demonstrable error in Instruction No. 5.
Defendants Interstate and Spicuzza contend that no submissible case was made against them and ask a review of the trial court's failure to set aside the verdict and judgment against them on that ground. They argue that we have the right so to do under a line of cases which hold that where the trial court has granted a new trial not sustainable on the ground specified, the order will not be reversed on appeal where sustainable on other grounds set forth in the motion for new trial. *355 Sakowski v. Baird, 334 Mo. 951, 69 S.W.2d 649; Macklin v. Fogel Construction Co., 326 Mo. 38, 31 S.W.2d 14.
These defendants sought and obtained a new trial. They did not, and could not, appeal from the order overruling their after-trial motions to set aside the judgment in favor of plaintiff and to have judgment entered in their favor. They could only appeal from the judgment rendered against them. This judgment was set aside at their instance. If we were to review and sustain their claim of error in submission of the case, we would be in the position not of sustaining the order granting a new trial, but rather of overruling it, and directing a judgment in favor of these defendants. That we are not authorized to do. Sec. 512.020, Mo.R.S.1949; Bailey v. Interstate Airmotive, 358 Mo. 1121, 219 S.W.2d 333, 8 A.L.R.2d 710; Shoush v. Truitt, Mo.App., 235 S.W.2d 859.
The order of the trial court granting a new trial is affirmed.
All concur.