Lillian DOWNING, Plaintiff-Appellant,

v.

Taft DIXON and Bill Hullet, Defendants-Respondents.

No. 7668.

Springfield Court of Appeals.

Missouri.

June 16, 1958.

---

Web A. Welker, Portageville, Harold D. Jones, New Madrid, for plaintiff-appellant.

Riddle & Baker, Malden, for defendant-respondent, Taft Dixon.

Jones & Jones, Kennett, for defendant-respondent, Bill Hullet.

STONE, Presiding Judge.

In this damage suit for personal injuries resulting from a vehicular collision, plaintiff had judgment for $5,000 upon a nine-man jury verdict against both defendants, Taft Dixon and Bill Hullet. Thereafter, Dixon's motion for new trial was sustained for error in giving Hullet's instruction 3–H, and Hullet's motion for new trial was sustained for error in giving Dixon's instruction 2–D. On this appeal by plaintiff, she frankly concedes that both of said instructions were erroneous but earnestly argues that neither instruction was prejudicial to the other defendant.

The collision under consideration occurred about 10 A.M. on January 27, 1956, at the "T-intersection" (hereinafter referred to as the intersection) near the south city limits of Kennett, Missouri, formed by a paved two-lane east-and-west road known as the "south by-pass" as it enters from the east Missouri State Highway 25, a paved two-lane north-and-south through highway. Plaintiff was riding in the front seat of a 1955 Ford automobile owned and driven by her brother-in-law, defendant Dixon. As Dixon, west-bound on the by-pass, was attempting at the intersection to make a left turn to the south onto Highway 25, the left side of the Dixon automobile was struck by the front end of defendant Hullet's 1953 Chevrolet automobile, north-bound on Highway 25. The evidence upon trial of this case, pertaining to the circumstances surrounding the collision, was quite similar to that adduced upon trial of the companion suit by plaintiff's husband, also a passenger in the Dixon automobile, which was recently decided on appeal by our Supreme Court [Downing v. Dixon, Mo., 313 S.W.2d 644]; and, since the instant appeal turns upon questions relating to instructions, we refer the interested to the cited opinion for factual details, without repeating them here. However, we indulge the parenthetical observation in the pensive and reflective language of defendant Dixon that, with the area south of the by-pass and east of Highway 25 open, unobstructed and flat, and with the paved roadway of both highways widened at the intersection, "there is plenty of room there, there ain't no use of nobody having a wreck there."

Plaintiff pleaded both primary and humanitarian negligence on the part of each defendant, but she submitted as to each solely on humanitarian negligence.[1] Hullet's instruction 3–H (for the giving of which Dixon's motion for new trial was sustained) first told the jurors that, if they found that Hullet was driving in a northerly direction on Highway 25, a through highway (as to which there was no dispute), and that the Dixon automobile "entered or was entering the intersection * * or was approaching so closely to State Highway 25 as to constitute an immediate hazard," it was Dixon's duty to yield the right of way

---

to Hullet. Instruction 3–H "further instructed" the jurors that, if they found that "Dixon was negligent in entering the intersection" and that such negligence was the proximate cause of the collision and plaintiff's injuries, their verdict should be in favor of Hullet and against plaintiff, unless (as the jurors then were told in the language of a converse humanitarian instruction) Hullet was guilty of humanitarian negligence in failing to warn, stop, slacken speed, or swerve. Plaintiff candidly concedes in her brief that the first portion of Hullet's instruction 3–H "covers primary negligence on the duty of (Dixon) * * to yield the right of way" and that "there ·does not seem to be any question that this instruction would be erroneous and prejudicial as to the plaintiff." But, emphasizing that instruction 3–H directed a verdict only for Hullet and not against Dixon, plaintiff vigorously insists that this instruction was not prejudicial to Dixon.

 Plaintiff had the right to elect, as she did, the pleaded ground of negligence upon which her case was submitted against each defendant [Berry v. Kansas City Public Service Co., 341 Mo. 658, 668, 108 S.W. 2d 98, 102(2)]; and, by submission on the sole ground of alleged humanitarian negligence, plaintiff abandoned all grounds of primary negligence alleged in her petition. Welch v. McNeely, Mo., 269 S.W.2d 871, 875(1); Wright v. Quattrochi, 330 Mo. 173, 183, 49 S.W.2d 3, 7–8(5). Nothing is better settled than that primary or antecedent negligence cannot be considered in determining whether a defendant has been guilty of humanitarian negligence, and that, therefore, primary negligence has no place in a submission solely under the humanitarian doctrine.[2] "Insofar as the jury are authorized (in submitting the issues of a humanitarian case) to consider conduct antecedent to the situation invoking the humanitarian rule in determining whether the defendant thereafter exercised due care, just so far is the humanitarian rule nullified and its purpose defeated" [Teague v. Plaza Express Co., 354 Mo. 582, 190 S.W. 2d 254, 258(6)], for it is only when imminent peril (within the meaning of the humanitarian doctrine) arises that such doctrine, *blotting out primary or antecedent negligence,* seizes upon the then existing situation and imposes a duty *thereafter* to exercise proper care to avoid infliction of the threatened injury. Batson v. Ormsbee, Mo.App., 304 S.W.2d 680, 683(4), and cases there cited; Glenn v. Offutt, Mo. App., 309 S.W.2d 366, 369(6).

 Of course, in a humanitarian case "the defendant can either submit the exact converse of plaintiff's humanitarian submission, or of any essential element thereof, or he can submit facts (shown by his evidence) which would disprove one or more of the basic facts of plaintiff's humanitarian submission." Janssens v. Thompson, 360 Mo. 351, 362, 228 S.W.2d 743, 750(8); Colvin v. Mills, 360 Mo. 1181, 1188, 232 S.W. 2d 961, 966(3); Welch v. McNeely, supra, 269 S.W.2d loc. cit. 876(4). But, although a converse humanitarian tail is appended to Hullet's hybrid instruction 3–H, it rears a boldly-protruding head of primary negligence. True, one defendant will not be heard to complain simply because a co-defendant's erroneous instruction has been unduly favorable to such co-defendant and thereby a joint verdict and judgment against both may have been prevented;[3] but the

2. Cunningham v. Thompson, Mo., 277 S. W.2d 602, 610(18); Largo v. Bonadonna, Mo., 269 S.W.2d 879, 884(4); Green v. Guynes, 361 Mo. 606, 235 S.W.2d 298, 302(5); Chastain v. Winton, 347 Mo. 1211, 152 S.W.2d 165, 169(5); Zickefoose v. Thompson, 347 Mo. 579, 148 S.W.2d 784, 791(9); Robinson v. Kansas City Public Service Co., 345 Mo. 764, 137 S.W.2d 548, 552(3); State ex rel.

Fleming v. Bland, 322 Mo. 565, 15 S.W.2d 798.

3. Ciardullo v. Terminal Railroad Ass'n of St. Louis, Mo., 289 S.W.2d 96, 98 (3); Nix v. Gulf, Mobile & Ohio R. Co., 362 Mo. 187, 240 S.W.2d 709, 716 (10); Eller v. Crowell, Mo., 238 S.W.2d 310, 315(9); Phegley v. Graham, 358 Mo. 551, 215 S.W.2d 499, 503(3), 504 (7), 6 A.L.R.2d 382; Neal v. Curtis &

same cases, as well as others,[4] recognize that it is equally well-settled that the co-defendant's erroneous instruction constitutes prejudicial and reversible error where it affected, or was calculated to affect, the complaining defendant's liability to plaintiff. "Stated in another way, the rule is that an error in favor of one defendant must not be such as to prejudice the other defendant's case before the jury, otherwise the plaintiff though not having invited the error has secured an unfair advantage over one of the defendants, and the judgment cannot stand." Nevins v. Solomon, 235 Mo.App. 967, 973, 139 S.W.2d 1109, 1113, certiorari quashed 347 Mo. 968, 149 S.W.2d 836; O'Donnell v. St. Louis Public Service Co., Mo.App., 246 S.W.2d 539, 545(6). In the instant action, instruction 3–H admittedly invited, in fact demanded, consideration by the jury of a foreign and forbidden issue of Dixon's primary or antecedent negligence. That this instruction directed a verdict for Hullet but not against Dixon did not remove its sting and draw its poison. Bowman v. Moore, 237 Mo.App. 1163, 1177, 167 S.W.2d 675, 683. See, also, Berry v. Kansas City Public Service Co., 341 Mo. 658, 668–671, 108 S.W.2d 98, 102–104. We agree with the learned trial judge that the giving of instruction 3–H constituted error prejudicial to defendant Dixon, for which he properly was granted a new trial.

Dixon's instruction 2–D (for the giving of which Hullet's motion for new trial was sustained) first told the jurors that "all parties whose negligence concurs directly and proximately to cause an injury

are jointly and severally liable" and instructed them that, if they found that all defendants were negligent and that such negligence directly and proximately contributed and concurred to cause plaintiff's injuries, their verdict should be against all defendants. Instruction 2–D "further instructed that it is no defense to one defendant that the negligence of some other defendant concurred with his negligence to cause said injury, if any, and *before you can render a verdict in favor of any one defendant you must find and believe from the evidence that said defendant was not negligent or that his negligence, if any, did not contribute to cause the plaintiff's injury, if any.*" Our Supreme Court holds that an instruction in the italicized language has the effect of shifting the burden of proof and, therefore, is prejudicially erroneous.[5] The fact that, as in the instant case, other instructions on the burden of proof correctly declare the law simply results in "an irreconcilable conflict" [Schneider v. St. Louis Public Service Co., Mo., 238 S.W. 2d 350, 353(4)] and does not cure the error. Rothweiler v. St. Louis Public Service Co., Mo.(banc), 234 S.W.2d 552, 555. Defendant Hullet had the right to a submission of the issue as to his negligence "without being held to have waived the requirements that plaintiff establish her case by a preponderance of the evidence." Schneider case, supra, 238 S.W.2d loc. cit. 353(3).

However, plaintiff (supported on this point by defendant Dixon) here contends, on the broad general principle

Co. Mfg. Co., 328 Mo. 389, 41 S.W.2d 543, 553(15); Mollman v. St. Louis Public Service Co., Mo.App., 192 S.W.2d 618, 625.

4. State ex rel. Nevins v. Hughes, 347 Mo. 968, 149 S.W.2d 836; Berry v. Kansas City Public Service Co., 341 Mo. 658, 108 S.W.2d 98; Grimes v. Red Line Service, 337 Mo. 743, 85 S.W.2d 767, 770 (5, 6); Barr v. Nafziger Baking Co., 328 Mo. 423, 41 S.W.2d 559, 563–564(9); Bowman v. Moore, 237 Mo.App. 1163, 167 S.W.2d 675, 682–683(15, 16); Hunt

v. Kansas City, Mo.App., 114 S.W.2d 153. See, also, O'Donnell v. St. Louis Public Service Co., Mo.App., 246 S.W.2d 539, 545(5).

5. Rothweiler v. St. Louis Public Service Co., Mo. (banc), 234 S.W.2d 552, 555 (4); Schneider v. St. Louis Public Service Co., Mo., 238 S.W.2d 350, 353(1). Consult, also, Ketcham v. Thomas, Mo., 283 S.W.2d 642, 648; Kunz v. Munzlinger, Mo., 242 S.W.2d 536, 540; Morris v. Alexander, Mo.App., 275 S.W.2d 373, 379.

that a party will not be heard to complain of error invited by him,[6] that Hullet is in no position to predicate error on the giving of instruction 2–D, because (so plaintiff and Dixon assert) Hullet's counsel, after voicing emphatic objections to instruction 2–D *as originally drafted and presented*, told the trial judge that he (Hullet's counsel) would not object to this instruction if the last paragraph containing the above-quoted language in italics were added. This contention reflects an obvious difference of opinion and a possible misunderstanding between opposing counsel (always regrettable and here especially deplorable in view of the high ethical standing and recognized personal integrity of all interested counsel) as to the precise meaning, intendment and effect of what Hullet's attorney may have said concerning instruction 2–D in the course of a thirty-minute discussion in the judge's chambers before the court ruled on the instructions offered. By granting a new trial to Hullet for the giving of Dixon's instruction 2–D, the trial court necessarily found that Hullet's counsel had not waived his right to object to that instruction; and, after carefully reviewing the testimony of counsel given at the hearing on defendants' motions for new trial and the detailed statement of the trial judge concerning this matter (as embodied in the record before us), we are inclined to defer to such finding by the trial judge who certainly was in better position than we are to rule this point with a view to the doing of substantial justice. Furthermore, the transcript on appeal, which we must take as it comes to us [Bennett v. Wood, Mo., *239 S.W.2d 325*, 327(2); Farmer v. Taylor, Mo.App., *301 S.W.2d 429*, 433], shows that "defendant Hullet, by counsel, objected and excepted" to the giving of instruction 2–D. Rejecting plaintiff's contention that Hullet waived his objection thereto, we conclude that the giving of instruction 2–D consti-

tuted prejudicial error as to Hullet, for which he properly was granted a new trial.

The order of August 17, 1957, setting aside the judgment for plaintiff and sustaining defendants' separate motions for new trial is affirmed, and the cause is remanded to the circuit court for retrial.

McDOWELL and RUARK, JJ., concur.

6. Consult Yankoff v. Allied Mutual Ins. Co., Mo.App., 289 S.W.2d 471, 475(2); Montana v. Nenert, Mo.App., 226 S.W.2d 394, 401(11); New v. Kansas City School of Watchmaking, Mo.App., 222 S.

W.2d 966, 973(10); Millaway v. Brown, Mo.App., 197 S.W.2d 987, 989(4); 3 Am.Jur., Appeal and Error, § 880, p. 432.